UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KARIN DUDZIENSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07 C 3813 |
| ) | |
| BCBG MAX AZRIA GROUP, INC. d/b/a ) | Judge Milton I. Shadur |
| BCBG Max Azria, BCBG MAX AZRIA ) | |
| HOLDINGS, INC. d/b/a BCBG Max Azria, ) | Magistrate Judge Morton Denlow |
| BCBG MAX AZRIA INTERNATIONAL ) | |
| HOLDINGS, INC. d/b/a BCBG Max Azria, ) | |
| and DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

**THE BCBG ENTITIES' MOTION TO TRANSFER PURSUANT
TO 28 U.S.C. § 1404(A)**

Defendants BCBG Max Azria Group, Inc., BCBG Max Azria Holdings, Inc., BCBG Max Azria International Holdings, Inc. (collectively, "BCBG") move pursuant to 28 U.S.C. § 1404(a) to transfer this case to the United States District Court for the Northern District of California. In support of the Motion, BCBG states the following:

1. On July 6, 2007, Plaintiff filed this one-count putative nationwide class action alleging violations of the Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681c(g)(1).

2. On February 5, 2007, however, a related, putative nationwide class action was filed in the United States District Court for the Northern District of California also alleging violations of 15 U.S.C. 1681c(g)(1).

3. Pursuant to 28 U.S.C. § 1404(a), this Court should transfer this action to the United States District Court for the Northern District of California for at least three reasons.

173040_1.DOC

4. First, in accordance with the "first to file" rule, this case should be transferred to the earlier-filed and related case pending in the Northern District of California. *Medi USA, L.P. v. Jobst Inst., Inc.,* 791 F. Supp. 208, 211 (N.D. Ill. 1992).

5. Second, in the interest of judicial economy, this case should be transferred to the Northern District of California because the earlier-filed case involves the same facts, issues, records, and witnesses. *A.P.T., Inc. v. Quard Envy Tech. Corp., Inc.*, 698 F. Supp. 718, 724 (N.D. Ill. 1988); *Zurich Ins. Co. v. Raymark Indus., Inc.*, 672 F. Supp 1102, 1104 (N.D. Ill. 1987); *Rouse Woodstock v. Surety Fed. Sav. & War Ass'n*; 630 F. Supp. 1004, 1012 (N.D. Ill. 1983).

6. Third, on balance, the private and public factors weigh heavily in favor of transfer because in a putative nationwide class action, the plaintiff's choice of forum is afforded less deference. *Klingensmith v. Paradise Shops, Inc.*, No. 07-322, 2007 WL 2071677 at *2 (W.D. Pa 2007). (A copy of all electronic case citations is attached as Exhibit A to BCBG's Memorandum of Law in Support of the Motion to Transfer.)

7. This is particularly true where, as here, the alleged willful conduct occurred in California and the essential non-party witnesses are located in California. *See, e.g.*, *Harris Trust & Sav. Bank v. SLT Warehouse Co., Inc.,* 605 F. Supp. 225, 229 (N.D. Ill. 1985) (Shadur, J.) (finding availability of compulsory process an important factor in deciding a motion to transfer).

8. Accordingly, for the reasons stated above and in BCBG's Memorandum of Law filed contemporaneously herewith, BCBG respectfully requests that the Court transfer this matter pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Northern District of California.

WHEREFORE Defendants BCBG Max Azria Group, Inc., BCBG Max Azria Holdings, Inc., BCBG Max Azria International Holdings, Inc. respectfully request that this Court transfer this matter to the United States District Court for the Northern District of California, and for any other relief this Court deems just and appropriate.

Dated:  August 31, 2007                               Respectfully submitted,

                                                      s/ Kristen E. Hudson (ARDC #6281191)
                                                      Local Counsel for Defendants
                                                      BCBG Max Azria Group, Inc.; BCBG Max
                                                      Azria Holdings, Inc.; BCBG Max Azria
                                                      International Holdings, Inc

Jennifer A. Waters – ARDC#6277321                     Scott J. Ferrell, *Pro Hac Vice*
Kristen E. Hudson – ARDC#6281191                      Scot D. Wilson, *Pro Hac Vice*
Schopf & Weiss LLP                                    Rafik Mattar, *Pro Hac Vice*
One South Wacker Drive, Suite 2800                    CALL, JENSEN & FERRELL
Chicago, Illinois  60606                              610 Newport Center Drive, Suite 700
Tele: 312.701.9300                                    Newport Beach, CA 92660
Fax: 312.701.9335                                     Tel: 949.717.3000
                                                      Fax: 949.717.3100

**CERTIFICATE OF SERVICE**

        I, Kristen E. Hudson, an attorney, hereby certify that the **The BCBG Entities' Motion To Transfer Pursuant To 28 U.S.C. § 1404(a) and Memorandum of Law in Support of the Motion to Transfer** was filed electronically with the Clerk of the Court using the CM/ECF system on this 31st day of August, 2007, which will automatically send email notifications of such filings to the registered parties. I also certify that on August 31, 2007, I served the attached **The BCBG Entities' Motion To Transfer Pursuant To 28 U.S.C. § 1404(a) and Memorandum of Law in Support of the Motion to Transfer** via First Class U.S. Mail upon the parties named below:

> Thomas A. Zimmerman Jr., Esq.
> Hugh J. Green, Esq.
> Zimmerman and Associates, PC
> 100 W. Monroe Street
> Suite 1300
> Chicago, IL 60613

                                               s/ Kristen E. Hudson