UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| KARIN DUDZIENSKI ) | |
| ) | Case No. 07CV3813 |
| Plaintiff, ) | |
| ) | Judge Shadur |
| vs. ) | |
| ) | Magistrate Judge Denlow |
| BCBG MAX AZRIA GROUP, INC., a ) | |
| California corporation, individually, and ) | |
| d/b/a BCBG Max Azria; BCBG ) | |
| MAXAZRIA HOLDINGS, INC., a ) | |
| California corporation, individually, and ) | |
| d/b/a BCBG Max Azria; BCBG ) | |
| MAXAZRIA INTERNATIONAL ) | |
| HOLDINGS, INC., a California ) | |
| corporation, individually, and d/b/a ) | |
| BCBG Max Azria; and DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO TRANSFER VENUE**

Defendants BCBG Max Azria Group, Inc., BCBG Max Azria Holdings, Inc., and BCBG Max Azria International Holdings, Inc. (collectively, "BCBG") submit the following memorandum of points and authorities in support of their motion to transfer venue of this related putative nationwide class action under 28 U.S.C. § 1404(a) to the United States District Court for the Northern District of California where a first-filed related case is pending.

### I.   INTRODUCTION

This action should be transferred to the United States District Court for the Northern District of California for at least three reasons.

*First*, in accordance with the "first to file" rule, the action should be transferred to the Northern District of California where there is an earlier filed and related case that is already pending.

1

A well-recognized doctrine of federal comity, the first-filed rule provides that the court which first retains possession of the subject of an action takes priority over later actions. Here, it is undisputed that the subject of the Northern District of California action – which was filed five months *before* this case – is related, involving the same witnesses, issues, documents, etc.

*Second*, in the Northern District of Illinois, it is well-established that the existence of a prior related action in the transferee district is a strong factor weighing in favor of transfer in the interest of judicial economy. In fact, courts in this District and others have concluded that this factor alone is sufficient to warrant transfer, even when the convenience of the parties and witnesses points to denial – which is not the case here.

*Third*, pursuant to 28 U.S.C. § 1404(a), this action should be transferred to the Northern District of California as a balancing of the relevant private and public factors weighs <u>heavily</u> in favor of transfer as:

- Plaintiff Karin Dudzienski's ("Plaintiff") preferred forum is accorded minimal, if any, deference in this putative class action, particularly since it is a proposed nationwide class action;

- California is a more convenient forum and BCBG's California conduct is the focus of this FACTA action;

- Although the transaction allegedly arose in this District, the supposedly willful violations of FACTA is conduct that relates entirely to the alleged action (or inaction) of Max Rave and BCBG employees in California;

- Essential non-party witnesses (e.g., Visa and former employees) are only subject to subpoena power and can be compelled to testify at trial in the Northern District of California;

- The public factors point to transfer because possible consolidation would promote judicial efficiency and allow for more efficient discovery and trial, and avoid the possibility of inconsistent results.

Accordingly, BCBG's motion to transfer should be granted.

## II.     BACKGROUND

A.     <u>The Fair And Accurate Credit Transaction Act ("FACTA")</u>

"The Fair and Accurate Credit Transaction Act ('FACTA') is an amendment to the Fair Credit Reporting Act ('FCRA')." *Klingensmith v. Paradise Shops, Inc*., 2007 WL 2071677, at *1 (W.D. Pa. 2007) (A copy of all electronic case citations are attached as Exhibit A.)  "Section 1681c(g)(1) of FACTA provides that 'no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or expiration date upon any receipt [provided to the cardholder at the point of sale or transaction].'"  *Id*. (quoting 15 U.S.C. 1681c(g)(1)).

B.     <u>The FACTA Class Actions Filed Against BCBG And Max Rave</u>

Headquartered in Vernon, California, BCBG and its family of companies, including its division and wholly owned subsidiary Max Rave, operate retail clothing stores throughout the United States and Puerto Rico.  (A copy of the Patel Declaration is attached as Exhibit B and incorporated herein by reference, at ¶¶ 1, 3-5).  Although "FACTA required compliance with [its] provisions by December 4, 2006 for any [credit or debit card processing] machine which was in use prior to January 1, 2005[,]" *Klingensmith*, 2007 WL 2071677, at *1, despite diligent and good faith efforts to bring all of their stores into compliance with the provisions of FACTA after the effective date, Max Rave and "BCBG admit that it may have on one or more occasions printed the expiration date of a credit card."  (Ex. B, Patel Decl., at ¶ 11).

1.     **The First-Filed Case: *Hile* In The Northern District Of California**

On February 5, 2007, a putative nationwide class action complaint for violation of FACTA was filed in the United States District Court for the Northern District of California against Max Rave, a member of the BCBG family of companies, entitled: *Hile v. Max Rave, LLC*, Case No. 07-CV-00738 (JSW) ("*Hile*").  (A copy of the Ferrell Declaration is attached as

3

Exhibit C and incorporated herein by reference, at Ex. A). The plaintiff in *Hile* alleges that Max Rave "willfully violated and continue[s] violate FACTA's requirements," (*id*. at ¶ 37)) and seeks to represent a putative class of:

> All persons in the United States to whom . . . an electronically printed receipt at the point of sale or transaction on which Defendants printed more than the last five digits of the person's credit card or debit card number and/or printed the expiration date of the person's credit or debit card.

(Ex. C, Ferrell Decl., at Ex. A *Hile* Compl., ¶ 13)).

In other words, *Hile* is a putative nationwide class action involving *every person* at *every store* in the United States who was provided a receipt that did not comply with the requirements of FACTA. (*See id*.). In support of the willfulness argument, the complaint in *Hile* alleges Visa "informed Defendants . . . about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and the prohibition on the printing of expiration dates[.]" (*Id*. at ¶ 35). As a result of these alleged willful violations of FACTA, *Hile* seeks statutory damages of "not less than $100 and not more than $1000 for each violation[,]" attorneys' fees and costs, punitive damages, and injunctive relief. (*Id*. at ¶¶ 41-44)).[1]

### 2. The Second Related Case: *Bathon* In The Eastern District Of Pennsylvania

Four (4) months after *Hile* was filed, on June 5, 2007, a putative nationwide class action for violation of FACTA against BCBG was filed in the United States District Court for the Eastern District of Pennsylvania, entitled: *Bathon v. BCBG Max Azria*, Case No. 07-2276 ("*Bathon*"). (Ex. C, Ferrell Decl, at Ex. I (*Bathon* Compl., ¶ 16)). On June 21, 2007, changing

---

[1] An answer was filed in *Hile* on May 14, 2007. (Ex. C, Ferrell Decl., at Ex. C.). In addition, discovery is already underway, mediation was scheduled for September 7, 2007 in San Francisco, California, but has been continued pending the outcome of Max Rave and BCBG's motions to transfer venue and attempt to have all BCBG and Max Rave FACTA class actions consolidated. The deadline for bringing a class certification motion is January 25, 2008. (Ex. C, Ferrell Decl., at ¶¶ 4-6). The plaintiff in *Hile* has served a deposition subpoena on Visa, who is only subject to subpoena power in the Northern District of

only the definition of the proposed class, an amended complaint was filed on behalf of herself and a nationwide class of all persons who were provided a receipt in violation of the requirements of FACTA at a single store in Leesburg, Virginia. (*See id.* at ¶ 16).

Although Max Rave is not a defendant in *Bathon*, the case, like this case, involves the same subject as *Hile*. Premised on allegations that BCBG "knowingly, willfully, intentionally, and recklessly violated" FACTA, (*id.* at ¶ 32), the complaint seeks statutory damages for willful violation of FACTA between $100 and $1,000 for each violation and attorneys' fees and costs. On August 29, 2007, based on the first-filed rule, the related *Hile* action, and the § 1404(a) factors, BCBG filed a motion to transfer the *Bathon* action to the Northern District of California.

### 3. The Two Cases In The Northern District Of Illinois

In addition to *Hile* and *Bathon*, two FACTA cases have been filed in the United States District Court for the Northern District of Illinois. (Ex. C, Ferrell Decl., at Exs. O-Q.).

#### a. *Dudzienski v. BCBG*

On July 5, 2007, this putative nationwide FACTA class action was filed in the Northern District of Illinois, entitled: *Dudzienski v. BCBG Max Azria Group, Inc., et al.*, Case No. 07CV3813 ("*Dudzienski*"). (Ex. C, Ferrell Decl., at Ex. P.). Without giving any notice to BCBG and notwithstanding the fact that she does not claim to have suffered any actual damages, as a result of her supposedly receiving a receipt from a BCBG store in Aurora, Illinois, (*see id.* at ¶ 13), Plaintiff seeks to bring a nationwide class action against BCBG on behalf of a class of:

> [A]ll persons to whom [BCBG] provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring nationwide . . . which receipt displays either (a) more than the last five digits of the person's credit card or debit card number, and/or (b) the expiration date of the person's [] card.

---

California, and the parties are currently working with Visa to schedule the deposition. (Ex. C, Ferrell Decl., at Ex. H).

(*Id*., at ¶ 16). Plaintiff claims that BCBG willfully violated FACTA. In support of Plaintiff's theory, Plaintiff alleges that "VISA . . . informed Defendants about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and prohibition on the printing of expiration date. . . ." (*Id*. at ¶ 30). In addition to attorneys' fees and costs, Plaintiff seeks statutory damages "$100 to $1,000 per violation." (*See id*.).

      **b.**    *Gueorguiev v. Max Rave*

On June 29, 2007, a fourth putative nationwide class action was filed in the Northern District of Illinois entitled: *Gueorguiev v. Max Rave, LLC, et al*., Case No. 07CV3685 ("*Gueorguiev*"). (Ex. C, Ferrell Decl., at Ex. N). The complaint was never served and an amended complaint was filed on July 24, 2007. The allegations of *Gueorguiev* are virtually identical to the complaint in *Hile*. During a status conference in this action on August 24, 2007, counsel for BCBG mistook the date of the filing of the amended complaint (July 24) with the original complaint (June 29) and incorrectly advised the Court that this action was filed on July 24th.

**C.**    <u>*Dudzienski* Is Related To *Hile*</u>

Although the parties are not identical, there are overlapping issues of fact and law in *Hile* and *Dudzienski*, involving many of the same facts, issues, records, and witnesses, including:

| *Witness* | *Location* | *Subject Matter* |
|---|---|---|
| Visa | Foster City, California | Communications with Defendant |
| Ajit Patel<br>*Chief Information Officer*<br>BCBG Max Azria | Vernon, California | Defendant's efforts to comply with FACTA |
| Sam Buscetti<br>*Director of IP* Max Rave | Vernon, California | Defendant's efforts to comply with FACTA |
| Brian Fleming<br>*Chief Financial Officer*<br>BCBG Max Azria | Vernon, California | Defendant's operations and transactions |
| Billie Parsons | Vernon, California | Defendant's operations and |

6

| | | |
|---|---|---|
| *Vice President of Finance* BCBG Max Azria | | transactions |
| Russell Bowers *Former BCBG employee* | Los Angeles, California | Defendant's operations and stores |
| Arianna Brooke *Former BCBG employee* | San Francisco, California | Defendant's operations |

(Ex. A, Patel Decl., at ¶¶ 8-18). All of the witnesses, records, receipts, and other evidence are located in California. (*Id*. at ¶¶ 8-18). Discovery in each case will be virtually identical. Each of the three (3) non-party witnesses are within the geographical reach of the Northern District of California's subpoena power, but are not subject to subpoena here. (*See id*. at ¶ 17).

### III.   ARGUMENT

**A.   Under The "First To File" Rule, This Action Should Be Transferred To The Northern District Of California Where An Earlier Filed Related Case Is Pending**

    **1.   The First-Filed Rule Provides That The Court Which First Has Possession Of The *Subject* Of The Case Has Priority Over Later Suits**

"'[W]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second.'" *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) (quotations omitted). "Federal courts have, as a principal of sound judicial administration, given priority to the first suit filed, absent a balancing of convenience in favor of the second action or special circumstances compelling priority for the second case." *Medi USA, L.P. v. Jobst Inst., Inc.*, 791 F.Supp. 208, 211 (N.D. Ill. 1992). *See also Schreiber v. Eli Lilly & Co.*, 2006 WL 782441, at *2 (E.D. Pa. 2005) (explaining that "the first-filed suit has priority over subsequently filed suits.").

The first filed action has priority to consider the case as a matter of federal comity. *See Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1004-05 (8th Cir.1993); *see also Smith v. SEC*, 129 F.3d 356, 361 (6th Cir.1997); *Koresko v. Nationwide Life Ins. Co.*, 403 F.Supp.2d 394, 399 (E.D. Pa. 2005). Significantly, "[t]he first-filed rule turns on which court first obtains possession of the *subject* of the dispute, not the parties to the dispute." *Schreiber*,

2006 WL 782441, at *2. Thus, the fact that Max Rave is the defendant in *Hile*, whereas BCBG is the defendant in this action is not controlling. The subject of *Hile*, filed on February 5, 2007, is the same as the subject of this action, which was filed five months later. The actions involve many of the same facts, same issues, same witnesses, same records, etc. Applying the first-filed rule, this Court should transfer this action to the Northern District of California.

### 2. The Presence Of A Related Case "Weighs Heavily In Favor Of Transfer," Especially Where The Suit In The Transferee District Was The First-Filed

The Seventh Circuit does not rigidly adhere to a strict application of the first-filed rule, *see*, *e.g.*, *Tripple Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995), and may allow the second-filed action to proceed if favored by the interests of justice. *See Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749-50 (7th Cir. 1987). However, "[f]or the presumption of the first-to-file rule to be overcome, there must be a clear showing that it would be unjust or inefficient for the first-filed lawsuit to proceed" and have priority. *Vanguard Prods. Gp., Inc. v. Protex Int'l Corp.*, 2006 WL 695700, at (N.D. Ill. 2006) (citing *Design Auto Gp., Inc. v. Lund Indus., Inc.*, 1996 WL 377063, at *1-2 (N.D. Ill. 1996).

"As a general proposition, cases should be transferred to the district where related actions are pending." *SEC v. First Nat'l Fin. Corp.*, 392 F.Supp. 239, 241 (N.D. Ill. 1975). Likewise, in such circumstances, transfer conserves judicial resources and provides for the efficient adjudication of complex litigation due to the possibility of consolidating both discovery and trial. *See*, *e.g.*, *Rouse Woodstock v. Surety Fed. Sav. & Loan Ass'n*, 630 F.Supp. 1004, 1012 (N.D. Ill. 1983); *Adair v. Hunt Int'l Resources Corp.*, 526 F.Supp. 736, 742 (N.D. Ill. 1981). "The presence of [] an integrally related case in the transferee jurisdiction weighs heavily in favor of transfer." *Zurich Ins. Co. v. Raymark Indus., Inc.*, 672 F.Supp. 1102, 1104 (N.D. Ill. 1987) (quoting *Magnavox Co. v. APF Elec., Inc.*, 496 F.Supp. 29, 34 (N.D.Ill.1980)).

"Transfer is even more appropriate where the suit in the other district was the first one filed." *A.P.T., Inc. v. Quad Environmental Technologies Corp., Inc.*, 698 F.Supp. 718, 724 (N.D. Ill. 1988). There is no basis to depart from the first-filed rule here. Thus, the motion to transfer should be granted.

**B.     Pursuant To 28 U.S.C. § 1404(a), This Action Should Be Transferred To The Northern District Of California**

Courts may transfer venue to another district "for reasons of convenience when it is 'in the interest of justice." *Amorose v. C.H. Robinson Worldwide, Inc.*, 2007 WL 1099483, at * (N.D. Ill. 2007) (quoting 28 U.S.C. § 1404(a)); *accord Moore v. Motor Coach Indus.*, 487 F.Supp.2d 1003, 1006 (N.D. Ill. 2007). "The moving party must show that (1) venue is proper in this district; (2) venue is proper in the transferee district; (3) the transferee district is more convenient for both the parties and witnesses; and (4) transfer would serve the interest of justice." *Amorose*, 2007 WL 1099483, at *2 (citing *Bryant v. ITT Corp.*, 48 F.Supp.2d 829, 832 (N.D. Ill. 1999)); *accord Moore*, 487 F.Supp.2d at 1006.

In ruling on a motion to transfer, these statutory factors are considered "in light of all of the circumstances of the case." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) (noting that the weighing of these factors "involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge."). *See also Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964) (emphasizing the "individualized, case-by-case consideration of convenience and fairness" required by § 1404(a)).

In the present case, it is not disputed that venue is proper in the Northern District of Illinois. It is equally beyond dispute that venue would also be proper in the proposed transferee district of the Northern District of California where the first-filed *Hile* action is pending. Indeed, the key inquiry here is whether consideration and balancing of the first-filed rule, the existence of

9

an earlier filed and related case in the Northern District of California, as well as the § 1404(a) factors weigh in favor of transfer.

### 1. A Balancing Of The Relevant Private And Public § 1404(a) Factors Weighs Heavily In Favor Of Transfer

"In determining whether a forum is more convenient and whether a transfer would be in the interest of justice, the court must consider the private interests of the parties as well as the public interest of the court." *Amorose v. C.H. Robinson Worldwide, Inc.*, 2007 WL 1099483, at *2 (N.D. Ill. 2007) (citation omitted). "The factors relevant to the parties' private interests include (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the convenience of the parties; and (4) the convenience of the witnesses." *Id.* (citing *Coll. Craft Cos., Ltd. v. Perry*, 889 F.Supp. 1052, 1054 (N.D. Ill. 1995)). Because the analysis involved is flexible and individualized, courts have broad discretion in deciding a motion for transfer of venue. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

#### a. The Plaintiff's Preferred Forum Is Accorded Minimal, If Any, Deference In Putative Class Actions

"A plaintiff's choice of forum is generally given substantial weight," *Amorose v. C.H. Robinson Worldwide, Inc.*, 2007 WL 1099483, at *2 (N.D. Ill. 2007). However, "'[t]he United States Supreme Court has held that a plaintiff's choice of forum should be accorded less deference in class actions suits. . . .'" *Klingensmith v. Paradise Shops, Inc.*, 2007 WL 2071677, at *2 (W.D. Pa. 2007) (quotations omitted).[2] Under *Klingensmith*, the plaintiff's preference in a putative nationwide FACTA class action carries little, if any, weight. *See id.* at *2.

---

[2] *See also Koster v. Lumbermen's Mut. Cas. Co.*, 330 U.S. 518, 524 (1947); *Lou v. Belzberg*, 834 F.2d 730 (9th Cir. 1987) (clarifying that the general rule affording a plaintiff's choice of forum substantial weight does not apply in class actions); *Gould v. Nat'l Life Ins. Co.*, 990 F.Supp. 1354, (M.D. Ala. 1998) ("The Court is motivated to transfer this case, in great part, because it is filed as a nationwide class action."); *Eichenholtz v. Brennan*, 677 F.Supp. 198, 202 (S.D.N.Y. 1988) ("In a class action, the named plaintiff's choice of forum is afforded little weight because in such a case, there will be numerous

10

In *Klingensmith*, the plaintiffs brought a nationwide class action in the Western District of Pennsylvania against a shop on behalf of all credit card and debit cardholders who received a printed receipt from the defendant that contained more than the last five digits of the card number and/or the expiration date in violation of FACTA. *See id.* at *1. The defendant, a Georgia corporation, sought to transfer the action to the United States District Court for the Northern District of Georgia. *See id.*

Addressing the relevant private and public factors, the *Klingensmith* court "f[ou]nd that the convenience of the parties and witnesses and the interest of justice would best be served by a transfer." *Id.* at *1. Judge Ambrose recognized that the plaintiffs clearly preferred the Pennsylvania forum, but emphasized that this factor was not controlling because they were "putative *class plaintiffs*." *Id.* at *2 (italics in original).

Where, as here, the focus of the litigation "will be on [the defendant's] actions, not any class members' actions," the plaintiff's "choice of forum is entitled to little deference." *Id.* Although the plaintiffs are Illinois residents, because they bring the actions as putative class members, their residence is accorded little, if any, deference.

    **b.**   **California Is A More Convenient Forum And The Focus Of This Action Is Max Rave's And BCBG's California Conduct**

Another factor that must be considered is the defendant's choice of forum. Max Rave and BCBG would obviously prefer that this action be transferred to California where their headquarters is located and a related case is already pending. Furthermore, where, as here, a "plaintiff's choice has no significant connection to the situs of material events[,]" it is entitled to

---

potential plaintiffs, each possibly able to make a showing that a particular forum is best suited for the adjudication of the class' claim"); *Firmani v. Clarke*, 325 F. Supp. 689, 692 (D. Del. 1971) (reasoning that "the plaintiff's choice of forum becomes substantially less important when he sues representatively on behalf of a class, as the plaintiff has done in this case.")

even less deference. *Moore*, 487 F.Supp.2d at 1007 (citing *Chicago Rock Island & Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955)).

As in *Klingensmith*, the focus of this case will be Max Rave's and BCBG's supposed willful conduct. *Compare Evangelical Lutheran Church In America v. Atlantic Mut. Ins. Co.*, 973 F. Supp. 820, (N.D. Ill. 1997) (location of material events was place where decision to deny coverage was made not place where act triggering coverage occurred). There is no evidence that any of the *material* events to these *material* allegations took place in the Northern District of Illinois. In contrast with plaintiffs, who will likely offer little testimony, Max Rave's and BCBG's senior employees and officers will likely testify at length in deposition and at trial regarding Plaintiff's alleged "willful" behavior. Similar to *Klingensmith*, it is significant that the evidence demonstrates that all of these senior employees, officers, key decision makers, former employees, and non-party witnesses are in California.

      **c.**    **Essential Non-Party Witnesses Can Only Be Compelled To Testify At Trial In California**

Courts in the Seventh Circuit must also consider the convenience of non-party witnesses. *See*. *Harris Trust & Sav. Bank v. SLT Warehouse Co., Inc*., 605 F.Supp. 225, (N.D. Ill. 1985) (Shadur, J.); *Undertow Software Inc. v. Adv. Tracking Tech., Inc*., 2002 WL 31890062, at *1 (N.D. Ill. 2002) (Shadur, J.). In *Klingensmith*, the defendant's director of information technology submitted a declaration explaining that a third-party vendor who was located in Georgia had information regarding store receipts and the number of transactions that occurred during the relevant period. 2007 WL 2071677, at *3. Recognizing that third-party testimony could be important and because the vendor was "beyond th[e c]ourt's subpoena powers[,]" this "factor [was found] to weigh heavily in favor of a transfer." *Id*. Like the situation in *Klingensmith*, non-party witnesses Visa, Russell Bowers, and Arianna Brooke cannot be

12

compelled to testify at trial in this District, but are within the subpoena power of the Northern District of California. Because these witnesses are outside the geographic reach of this Court's subpoena power, Max Rave and BCBG may not have access to these witnesses at trial. *See* Fed. R. Civ. P. 45(b)(2). Visa has already received a subpoena in the *Hile* action.[3] If the action is transferred, the Northern District of California will have subpoena power over the witnesses who reside in California which, pursuant to *Harris* and *Undertow Software*, points towards transfer.

### d. The Public Factors Also Support Transfer

Finally, the relevant public factors also justify transfer. "The factors relevant to the public interest . . . include the court's familiarity with the applicable law and concerns relating to the efficient administration of justice." *Amorose v. C.H. Robinson Worldwide, Inc.*, 2007 WL 1099483, at *2 (N.D. Ill. 2007) (citing *Coll. Craft Cos., Ltd. v. Perry*, 889 F.Supp. 1052, 1054 (N.D. Ill. 1995)). "Because this case concerns federal law, the familiarity with applicable law is neutral here." *Id*. at *4 (citing *Bryant*, 48 F.Supp.2d at 835). "Therefore, [the Court] need only consider the effect of transfer on the efficient administration of justice." *Id*.

#### i) The Speed To Trial Is Slightly Faster In The Northern District Of California

Federal Court Management Statistics demonstrate that the speed to trial in the Northern District of California is similar to or slightly faster than the speed to trial in the Northern District of Illinois. *Cf. Amorose*, 2007 WL 1099483, at *4 (considering speed to trial as part of interest of justice); *First Nat'l Bank v. El Camino Res., Ltd.*, 447 F.Supp.2d 902, 913-14 (N.D. Ill. 2006) (same). Specifically, the statistics show that in 2006, the average time from filing to trial in the

---

[3] The significance of Visa's testimony at trial is beyond reasonable dispute. The complaints in *Hile* and this action specifically allege that Visa informed Max Rave and BCBG of the FACTA requirements - which is disputed.

Northern District of Illinois was 26.4 months while the average was 25.0 months in the Northern District of California. *See* http://www.uscourts.gov/cgi-bin/cmsd2006.pl.

          ii)      **Possible Consolidation Would Promote Judicial Efficiency, Save Time, Reduce Costs, And Avoid The Risk Of Inconsistent Results**

Because there is an earlier filed and related action already pending in the Northern District of California where Max Rave and BCBG seek to have this action transferred, the public factors further tip the balance towards transfer. As the court in *Simmens v. Coca Cola Co.*, 2007 WL 2007977 (E.D. Pa. July 5, 2007), explained:

> The . . . actions could be consolidated before one judge thereby promoting judicial efficiency, pretrial discovery could be conducted in an orderly manner, witnesses could be saved the time and expense of appearing at trial in more than one court, duplicative litigation involving the filing of records in both courts could be avoided eliminating unnecessary expense, and the possibility of inconsistent results could be avoided.

*Id*. at *2.

    **2.**    **The Existence Of A Related Case In The Transferee Forum Is A Strong Reason For Transfer**

The existence of a related case and the possibility of adjudicating related cases together is a factor that should be considered in deciding whether transfer is warranted. *See Mleczek v. Aspen Skiing Co.*, *LLC*, 2007 WL 1810530, at *3 (N.D. Ill. 2007). The potential for bringing actions together under a single district is entitled to considerable weight in a transfer motion if transfer would lead to consolidation of claims. *Rouse Woodstock, Inc. v. Surety Federal Sav. & Loan Ass'n*, 630 F.Supp. 1004, 1012 (N.D. Ill. 1986). *See also SEC v. First Nat'l Fin. Corp.*, 392 F.Supp. 239, 242 (N.D. Ill. 1975).[4]

---

[4] The Supreme Court has stated that "to permit a situation in which two cases involving precisely the same issues are simultaneously pending in two different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Continental Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26 (1960).

In short, BCBG's headquarters is in California, there is already a pending (and first-filed) related case in the Northern District of California, key non-party witnesses can be compelled to appear at trial in California, and the first-filed California action is much further along than the present case. Under the circumstances, the convenience of the parties and witnesses and interest of justice justify granting the instant motion to venue.

### IV.   CONCLUSION

For the convenience of the witnesses and parties and in the interest of justice, this action should be transferred to the United States District Court for the Northern District of California where an earlier filed and related case is already pending. Based on the foregoing, BCBG respectfully requests that this Court grant the instant motion and transfer this action pursuant to 28 U.S.C. § 1404(a).

Dated:  August 31, 2007                    By:         S/SCOT D. WILSON_____
                                                Scott J. Ferrell, *Pro Hac Vice*
                                                Scot D. Wilson, *Pro Hac Vice*
                                                Rafik Mattar, *Pro Hac Vice*
                                                CALL, JENSEN & FERRELL
                                                610 Newport Center Drive, Suite 700
                                                Newport Beach, CA 92660
                                                Tel: (949) 717-3000
                                                Fax: (949) 717-3100

                                                Jennifer A. Waters
                                                Kristen E. Hudson
                                                SCHOPF & WEISS LLP
                                                One South Wacker Drive, 28th Floor
                                                Chicago, IL 60606
                                                Tel:  (312) 701-9300
                                                Fax: (312) 701-9335

                                                Attorneys for Defendants
                                                BCBG Max Azria Group, Inc.; BCBG Max Azria Holdings, Inc.; BCBG Max Azria International Holdings, Inc.

i