# EXHIBIT B

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| KARIN DUDZIENSKI )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BCBG MAX AZRIA GROUP, INC., a )<br>California corporation, individually, and )<br>d/b/a BCBG Max Azria; BCBG )<br>MAXAZRIA HOLDINGS, INC., a )<br>California corporation, individually, and )<br>d/b/a BCBG Max Azria; BCBG )<br>MAXAZRIA INTERNATIONAL )<br>HOLDINGS, INC., a California )<br>corporation, individually, and d/b/a )<br>BCBG Max Azria; and DOES 1-10, )<br>)<br>Defendants. ) | Case No. 07CV3813<br><br>Judge Shadur<br><br>Magistrate Judge Denlow |

## DECLARATION OF AJIT PATEL IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER VENUE

I, Ajit Patel, hereby declare as follows:

1. I am currently the Chief Information Officer ("CIO") for BCBG Max Azria Group, Inc. ("BCBG"), also known as BCBG Max Azria. I work at BCBG's corporate headquarters at 2761 Fruitland Avenue, Vernon, California, 90058.

2. As a result of my employment, I am familiar with the various aspects of BCBG's business and the operations of each member of the BCBG family of companies' operations, including knowledge about credit card and debit card processing, transactions and other information technology issues. In this capacity, I have also become generally familiar with the duties and roles of various current and former BCBG employees who were involved in BCBG's efforts (and the efforts of its family of companies) to comply with the Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681c(g) ("FACTA"). As a result, I have personal knowledge of the facts set forth in this declaration. If called and sworn as a witness, I could and would competently testify to these facts.

3. The BCBG family of companies includes: BCBG Max Azria Group, Inc., which is a California corporation; BCBG Max Azria Holdings, Inc., also a California corporation; BCBG Max Azria International Holdings, Inc., a California corporation; and Max Rave, LLC, a Delaware limited liability company with its principal place of business in Vernon, California. ("Max Rave").

4. The BCBG family of companies has a portfolio of fifteen (15) brands, including BCBG Max Azria, Max Azria, Max Azria Atelier, BCBGirls, BCBG//Attitude, To The Max, Herve Leger Paris, Herve Leger Couture, Parallel, Max and Cleo, Noun, Maxime, Dorothee Bis, Alain Manoukian, and Max Rave.

5. The headquarters for all of the BCBG family of companies, including BCBG and Max Rave, is located at 2761 Fruitland Avenue, Vernon, California, 90058. All of the senior officers and senior employees for BCBG and Max Rave work out of the California headquarters.

6. Created in 1989, BCBG was named for the Parisian phrase *"bon chic, bon genre,"* meaning "good style, good attitude." BCBG designs, develops, produces, and markets collections of women's clothing and accessories, and select fashions for men. BCBG is dedicated to being at the forefront of creativity, quality and style in fashion. There are approximately 800 BCBG stores, including approximately 450 Max Rave stores, in the United States and Puerto Rico.

7. Acquired in 2006, Max Rave is a wholly owned subsidiary/division of BCBG.

8. As with all members of the BCBG family of companies, although Max Rave is a separate legal entity, BCBG and Max Rave employees constantly work together on a daily basis on various projects and tasks, which include bringing all BCBG and Max Rave stores into compliance with the requirements of FACTA.

9. Despite the efforts of me and my team at BCBG and Max Rave, I am aware of four (4) lawsuits, alleging violations of FACTA, that have been brought against BCBG and Max Rave. More particularly, I am aware of the following lawsuits:

- *Hile v. Max Rave, LLC, et al.*, Case No. 07-CV-00738 (JSW), filed in the United States District Court for the Northern District of California on February 5, 2007 ("*Hile*");

- *Bathon v. BCBG Max Azria*, Case No. 07-2276, filed in the United States District Court for the Eastern District of Pennsylvania on June 5, 2007 ("*Bathon*");

- *Gueorguiev v. Max Rave, LLC, et al.*, Case No. 07-CV-3685, filed in the United States District Court for the Northern District of Illinois on June 29, 2007 ("*Gueorguiev*"); and

- *Dudzienski v. BCBG Max Azria Group, Inc.*, et al., Case No. 07-CV-3813, filed in the United States District Court for the Northern District of Illinois on July 6, 2007 ("*Dudzienski*").

10. It is my understanding that the plaintiffs in *Hile*, *Bathon*, *Gueorguiev*, and *Dudzienski* allege that BCBG or Max Rave have willfully violated the requirements of FACTA by providing electronically printed credit card and/or debit card receipts containing more than the last five (5) digits of the card number and/or the expiration date of the card and providing it to the cardholder.

11. BCBG and Max Rave admit that, despite their best efforts and good faith efforts to bring the machines in all of their stores into compliance with the requirements of FACTA, they may have on one or more occasions printed the expiration date of a credit card. However, BCBG and Max Rave deny that they have willfully violated FACTA.

12. Since learning of the requirements of FACTA and becoming aware of the fact that the expiration date of some customers' credit cards and/or debit cards were being printed on receipts at some BCBG and Max Rave stores, BCBG and Max Rave have taken immediate action to comply with FACTA.

13. In addition, BCBG and Max Rave immediately took various steps to remedy their operations upon receiving notice of the requirements of FACTA. As soon as BCBG and Max Rave realized that having the expiration date on credit card and/or debit card receipts was a technical violation of FACTA, BCBG and Max Rave investigated and took action to have the expiration dates on the receipts printed in all BCBG and Max Rave stores removed.[1]

14. Proving the falsity of the allegations in *Hile, Bathon, Gueorguiev,* and *Dudzienski* alleging that BCBG or Max Rave has willfully violated the requirements of FACTA will require BCBG and Max Rave to introduce substantial evidence regarding their operations, records, and efforts to comply with FACTA. I anticipate that *Hile, Bathon, Gueorguiev,* and *Dudzienski* will involve many of the same facts, witnesses, documents, software programs, machines, and other evidence.

15. Nearly all of the BCBG and Max Rave employees who would be required to introduce this evidence currently work and live in California.

16. In addition to me, the following current employees of BCBG and Max Rave, all of whom live and work in California, have knowledge and information regarding BCBG and Max Rave's business operations, credit card and/or debit card processing procedures, and efforts to comply with FACTA that is relevant to the *Hile, Bathon, Gueorguiev,* and *Dudzienski* lawsuits:

<u>Sam Busceti</u>: Mr. Busceti, who lives and works from a location in the New York/New Jersey metro area, is the Director of Information Technology for Max Rave. Mr. Busceti's has knowledge and information regarding BCBG and Max Rave's efforts to comply with FACTA;

---

[1] For example, in addition to the enormous time, effort and resources expended by BCBG and Max Rave employees, BCBG and Max Rave have contracted with third-party vendors to ensure that the hardware and software on all credit card and debit card payment processing devices are upgraded and programmed to fully comply with FACTA. BCBG and Max Rave and their vendors have attempted to rollout the installation of the new hardware and software in the most efficient, fast and accurate means possible and confirm compliance with FACTA at all BCBG and Max Rave stores.

<u>Brian Fleming</u>: Mr. Fleming, a resident of Los Angeles who works out of the Vernon, California headquarters, is the Chief Financial Officer for BCBG. Mr. Fleming has knowledge and information regarding operations and transactions;

<u>Billie Parsons</u>: Ms. Parsons, a resident of Los Angeles who works out of the Vernon, California headquarters, is the Vice President of Finance for BCBG.

17. In addition to BCBG and Max Rave employees, the following companies and former BCBG and Max Rave employees are also believed to have information and knowledge relevant to the *Hile*, *Bathon*, *Gueorguiev*, and *Dudzienski* lawsuits:

<u>Visa</u>: Visa is located in Foster City, California. It is my understanding that the plaintiffs in the *Hile*, *Bathon*, *Gueorguiev*, and *Dudzienski* lawsuits allege that BCBG or Max Rave received notification from Visa regarding the requirements of FACTA. To my knowledge, no person at BCBG or Max Rave ever received any such notification. Persons at Visa are anticipated to have knowledge and information regarding the existence of such communications.

<u>Russell Bowers</u>: Mr. Bowers is a former employee of BCBG. He has knowledge and information regarding BCBG and Max Rave's operations and stores.

18. Because the allegations in these lawsuits relate to credit card and debit card processing and transactions, the plaintiffs in the *Hile*, *Bathon*, *Gueorguiev*, and *Dudzienski* lawsuits may want to conduct inspections of documents and evidence related to BCBG and Max Rave's operations, records and procedures. All such evidence that that is potentially related to the allegations in the *Hile*, *Bathon*, *Gueorguiev*, and *Dudzienski* lawsuits are located in California, including all documents.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct. Executed on August 31, 2007 in Vernon, California.

                                                s/Ajit Patel
                                                Ajit Patel