# EXHIBIT C

# (PART 4 OF 4)

**ANSWER:**

Max Rave admits the allegations contained therein.

30.    After the effective date of the statute, defendant, at the point of sale or transaction, provided plaintiff and each class member with one or more electronically printed receipts on each of which defendant failed to comply with the truncation requirement.

**ANSWER:**

Max Rave admits that it may have on one or more occasions printed the expiration date and/or more than the last five digits of a credit or debit card. Except as expressly admitted, Max Rave denies all the remaining allegations in paragraph 30.

31.    FACTA was enacted in 2003 and gave merchants who accept credit card and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

**ANSWER:**

Max Rave admits Plaintiff purports to provide the law's compliance deadline. Max Rave states that the FCRA speaks for itself and on that basis denies any allegations inconsistent therewith. Except as expressly admitted, Max Rave denies all remaining allegations in paragraph 31.

32.    On information and belief, defendant knew of the truncation requirement.

**ANSWER:**

Max Rave denies each and every allegation contained in paragraph 32 of the Complaint on the basis that it is ambiguous as to *when* defendant "knew" and *which* "truncation requirement" is being referred to.

33.    On information and belief, VISA, MasterCard, the PCI Security Standards Council – a consortium founded by VISA, MasterCard, Discover, American Express and JCB – companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed defendant about FACTA, including its specific requirements concerning the truncation of credit card and debit card

numbers and prohibition on the printing of expiration dates, and defendant's need to comply with the same.

**ANSWER:**

Max Rave is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint, and therefore denies each and every allegation contained therein.

34.    The requirement was widely publicized among retailers.

**ANSWER:**

Max Rave is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint, and therefore denies each and every allegation contained therein.

35.    For example, in response to earlier state legislation enacting similar truncation requirements, on March 6, 2003, the CEO of Visa USA, Carl Pascarella, explained that "Today, I am proud to announce an additional measure to combat identity theft and protect consumers. Our new receipt truncation policy will soon limit cardholder information on receipts to the last four digits of their accounts. The card's expiration date will be eliminated from receipts altogether…. The first phase of this new policy goes into effect July 1, 2003 for all new terminals…." "Visa USA Announces Account Truncation Initiative to Protect Consumers from ID Theft; Visa CEO Announces New Initiative at Press Conference With Sen. Dianne Feinstein," PR Newswire, March 6, 2003. Within 24 hours, MasterCard and American Express announced they were imposing similar requirements.

**ANSWER:**

Max Rave is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint, and therefore denies each and every allegation contained therein.

36.    The card issuing organizations proceeded to require compliance with FACTA by contract, in advance of FACTA's mandatory compliance date.

11

**ANSWER:**

Max Rave is without sufficient information to form a belief as to the truth of the

allegations contained in paragraph 36 of the Complaint, and therefore denies each and every

allegation contained therein.

37.    For example, the August 12, 2006 edition of "Rules for Visa Merchants" (p. 62), which is distributed to and binding upon all merchants that accept Visa cards, expressly requires that "only the last four digits of an account number should be printed on the customer's copy of the receipt" and "the expiration date should not appear at all." VISA required complete compliance by July 1, 2006, five months ahead of the statutory deadline.

**ANSWER:**

Max Rave is without sufficient information to form a belief as to the truth of the

allegations contained in paragraph 37 of the Complaint, and therefore denies each and every

allegation contained therein.

38.    Most of defendant's business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by programming their card machines and devices to comply with the truncation requirement. Defendant could have readily done the same.

**ANSWER:**

Max Rave is without sufficient information to form a belief as to the truth of the

allegations contained in paragraph 38 of the Complaint, and therefore denies each and every

allegation contained therein.

39.    Defendants willfully disregarded FACTA's requirements and continued to use cash registers or other machines or devices that print receipts in violation of FACTS.

**ANSWER:**

Max Rave denies each and every allegation contained in paragraph 39 of the

Complaint.

    **40.**    The FCRA, 15 U.S.C. §1681n, provides:

**§1681n.  Civil liability for willful noncompliance**

**(a) In general.  Any person who willfully fails to comply with any requirement imposed under this title [15 USC §§1681 et seq.] with respect to any consumer is liable to that consumer in an amount equal to the sum of-**

    **(1)**

    **(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or**

    **(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;**

**(2) such amount of punitive damages as the court may allow; and**

**(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court....**

**ANSWER:**

    Max Rave admits that Plaintiff appears to quote portions the FCRA, 15 U.S.C. § 1681n.  Max Rave states that the FCRA speaks for itself and on that basis denies any allegations inconsistent therewith.  Except as expressly admitted, Max Rave denies all remaining allegations in paragraph 40.

    **41.**    The FCRA, 15 U.S.C. §1681p, provides:

**§1681p.  Jurisdiction of courts; limitation of actions**

**An action to enforce any liability created under this title [15 USC §§1681 et seq.] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises, except that where a defendant has materially and willfully misrepresented any information required under this title [15USC §§1681 et seq.] to be disclosed to an individual**

> **and the information so misrepresented is material to the establishment of the defendant's liability to that individual under this title [15 USC §§1681 et seq.], the action may be brought at any time within two years after discovery by the individual of the misrepresentation.**

**ANSWER:**

Max Rave admits that Plaintiff appears to quote portions the FCRA, 15 U.S.C. § 1681p. Max Rave states that the FCRA speaks for itself and on that basis denies any allegations inconsistent therewith. Except as expressly admitted, Max Rave denies all remaining allegations in paragraph 41.

14

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Alleged Statutory Damages Violate Due Process)

The statutory damages Plaintiff seeks would be disproportionate to the harm

alleged, excessive, and would violate Max Rave's rights under the due process clauses of the

United States and applicable state Constitutions.

### SECOND AFFIRMATIVE DEFENSE
### (Vague Statute Violates Due Process)

The statute upon which Plaintiff alleges his Complaint is based on, 15 U.S.C. §

1681c(g), is unconstitutionally vague and ambiguous on its face and as applied to Max Rave,

does not provide sufficient notice as to what constitutes a violation, and enforcement of the

statute would violate Max Rave's rights under the due process clauses of the United States and

applicable state Constitutions.

### THIRD AFFIRMATIVE DEFENSE
### (Alleged Punitive Damages Violate Constitutional Provisions)

Plaintiff's claims for punitive or exemplary damages are barred because such

relief would violate Max Rave's constitutional rights under provisions of the United States and

applicable state Constitutions.

### FOURTH AFFIRMATIVE DEFENSE
### (Mistake)

The Complaint is barred in whole or in part to the extent that any conduct

engaged in by Max Rave was based on a mistake of fact or law.

### FIFTH AFFIRMATIVE DEFENSE
### (Laches)

The Complaint is barred and/or recovery is limited or excluded by the doctrine of

laches.

### SIXTH AFFIRMATIVE DEFENSE
#### (Unjust Enrichment)

The Complaint is barred and/or recovery is limited by the equitable doctrine of

unjust enrichment.

### SEVENTH AFFIRMATIVE DEFENSE
#### (Statute of Limitations)

The Complaint is barred by the applicable statutes of limitation including, but not

limited to, 15 U.S.C. § 1681p, to the extent the Complaint seeks relief from alleged misconduct

by Max Rave more than two years prior to the commencement of this action.

### EIGHTH SEPARATE DEFENSE
#### (Superseding or Intervening Cause)

The loss, injury or damage, if any, incurred by Plaintiff was the result of

superseding or intervening causes arising from negligent or willful acts or omissions by parties

which Max Rave neither controlled nor had the right to control, and said losses, injuries, or

damages were not proximately or legally caused by any act, omission, or other conduct by Max

Rave.


### PRAYER

WHEREFORE, Max Rave prays judgment as follows:

1.    That the case no longer continue as a purported class action;

2.    That Plaintiff takes nothing by way of his Complaint;

3.    That Judgment be rendered in favor of Max Rave and against Plaintiff and

that the Complaint be dismissed with prejudice;

4.    That Max Rave be awarded its costs of suit incurred in the defense of this

action;

5.    That Max Rave be awarded its attorneys' fees of suit incurred in the

defense of this action; and

6.    For such other relief as this Court deems proper.

Dated:  August 16, 2007                    Respectfully Submitted,

                                           /s Jennifer A. Waters
                                           One of the Attorneys for Defendant Max Rave,
                                           LLC

Scott J. Ferrell, CA Bar No. 202091
Scot D. Wilson, CA Bar No. 223367
Rafik Mattar, CA Bar No. 231292
Call, Jensen & Ferrell
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel:  (949) 717-3000
Fax: (949) 717-3100

Jennifer A. Waters
Kristen E. Hudson
Schopf & Weiss LLP
One South Wacker Drive, 28th Floor
Chicago, IL 60606
Tel:  (312) 701-9300
Fax: (312) 701-9335

## CERTIFICATE OF SERVICE

     I, Jennifer A. Waters, an attorney, hereby certify that I caused a copy of the foregoing **Defendant's Answer and Affirmative Defenses to Amended Complaint** to be filed electronically with the Clerk of the Court using the CM/ECF system on this 16th day of August, 2007, which will automatically send email notifications of such filing to the parties listed below:

> Thomas A. Zimmerman Jr.
> Zimmerman and Associates, P.C.
> 100 West Monroe, Suite 1300
> Chicago, Illinois 60603
> *Counsel for Plaintiff*

                 /s Jennifer A. Waters

172599_1.DOC

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

JUL X 6 2007
JUL 06, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| KARIN DUDZIENSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. |
| v. | ) | |
| | ) | |
| BCBG MAX AZRIA GROUP, INC., | ) | 07cv3813 |
| a California corporation, individually, and | ) | JUDGE SHADUR |
| d/b/a BCBG Max Azria; BCBG MAXAZRIA | ) | MAG. JUDGE DENLOW |
| HOLDINGS, INC., a California corporation, | ) | |
| individually, and d/b/a BCBG Max Azria; | ) | |
| BCBG MAXAZRIA INTERNATIONAL | ) | |
| HOLDINGS, INC., a California corporation, | ) | |
| individually, and d/b/a BCBG Max Azria; | ) | |
| and DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## CLASS ACTION COMPLAINT

### INTRODUCTION

1.      Plaintiff brings this action to secure redress for the violation by Defendants of the

Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act

("FCRA").

2.      One provision of FACTA, codified as 15 U.S.C. §1681c(g)(1), provides that:

> **... no person that accepts credit cards or debit cards for the transaction
> of business shall print more than the last five digits of the card number
> or the expiration date upon any receipt provided to the cardholder at the
> point of sale or transaction.**
> 15 U.S.C. §1681c(g)(1).

3.      The law gave merchants who accept credit cards and/or debit cards up to three years

to comply with its requirements, requiring full compliance with its provisions no later than

December 4, 2006. Defendants have willfully violated this law and failed to protect Plaintiff, and

**Exhibit P**

others similarly situated, against identity theft and credit card and debit card fraud by continuing to print more than the last five digits of the card number and/or the expiration date on receipts provided to debit card and credit card cardholders transacting business with Defendants.

4.    Plaintiff brings this action against Defendants based on Defendants' violation of 15 U.S.C. § 1681, *et seq.* Plaintiff seeks statutory damages, attorney's fees, and costs.

## PARTIES

5.    At all relevant times, Plaintiff KARIN DUDZIENSKI was a resident of Illinois.

6.    At all relevant times, Defendant BCBG MAX AZRIA GROUP, INC. ("GROUP") was a California corporation that upon information and belief owned, controlled, operated, managed and did business as BCBG Max Azria, located at various places nationwide, including at 1650 Premium Outlet Boulevard, Aurora, Illinois.

7.    At all relevant times, Defendant BCBG MAXAZRIA HOLDINGS, INC. ("HOLDINGS") was a California corporation that upon information and belief owned, controlled, operated, managed and did business as BCBG Max Azria, located at various places nationwide, including at 1650 Premium Outlet Boulevard, Aurora, Illinois.

8.    At all relevant times, Defendant BCBG MAXAZRIA INTERNATIONAL HOLDINGS, INC. ("INTL") was a California corporation that upon information and belief owned, controlled, operated, managed and did business as BCBG Max Azria, located at various places nationwide, including at 1650 Premium Outlet Boulevard, Aurora, Illinois.

9.    At all relevant times, Defendants GROUP, HOLDINGS and INTL were persons that accept credit cards or debit cards for the transaction of business within the meaning of FACTA.

2

10.    Defendants Does 1-10 are individual officers, directors, employees and agents of Defendants who authorized, directed or participated in the violations of law complained of. Plaintiff does not know who they are.

## JURISDICTION AND VENUE

11.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (general federal question), and 15 U.S.C. §1681p (FCRA).

12.    Venue in this District is proper because Defendants transact business in the District and are deemed to reside here.

## FACTS

13.    On April 13, 2007, Plaintiff received from Defendants at their establishment located at 1650 Premium Outlet Boulevard, Aurora, Illinois, a computer-generated cash register receipt which displayed Plaintiff's credit card expiration date.

14.    On information and belief, it is possible for thieves to replicate a credit card number using the expiration date and the last four digits of the card number.

## CLASS ALLEGATIONS

15.    Plaintiff brings this action on behalf of a class pursuant to Fed.R.Civ.P. Rule 23(a) and (b)(3).

16.    The class is defined as all persons to whom the Defendants provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring nationwide after December 4, 2006, which receipt displays either (a) more than the last five digits of the person's credit card or debit card number, and/or (b) the expiration date of the person's credit or debit card.

3

17.    The class is so numerous that joinder of all individual members in one action would be impracticable.

18.    Upon information and belief, there are over 100 persons to whom the Defendants provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring nationwide after December 4, 2006, which receipt displays either (a) more than the last five digits of the person's credit card or debit card number, and/or (b) the expiration date of the person's credit or debit card.

19.    Plaintiff's claims are typical of the claims of the class members. All are based on the same legal theories and arise from the same unlawful and willful conduct.

20.    There are common questions of fact and law affecting members of the class, which common questions predominate over questions which may affect individual members. These include the following:

    a.    Whether Defendants had a practice of providing customers with a sales or transaction receipt on which Defendants printed more than the last five digits of the credit card or debit card and/or the expiration date of the credit card or debit card;

    b.    Whether Defendants thereby violated FACTA;

    c.    Whether Defendants' conduct was willful;

    d.    Identification and involvement of the Doe Defendants.

21.    Plaintiff will fairly and adequately represent the class members. Plaintiff has no interests that conflict with the interests of the class members. Plaintiff has retained experienced counsel.

22.    A class action is superior to other available means for the fair and efficient adjudication of the claims of the class members. Individual actions are not economically feasible.

4

## VIOLATION ALLEGED

23.    Defendants violated 15 U.S.C. §1681c(g)(1), which provides, in relevant part, that:

> ... no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

15 U.S.C. §1681c(g)(1).

24.    With respect to machines that were first put into use after January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. §168lc(g)(1).

25.    With respect to machines that were in use before January 1, 2005, 15 U.S.C. §1681c(g)(3)(A) required compliance with the provisions of 15 U.S.C. §l681c(g)(1) on or after December 4, 2006.

26.    Defendants accept credit cards and/or debit cards in the course of transacting business with persons such as Plaintiff and the class members. In transacting such business, Defendants use cash registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions.

27.    After the effective date of the statute, Defendants, at the point of sale or transaction, provided Plaintiff and each class member with one or more electronically printed receipts on each of which Defendants printed more than the last five digits of the credit card or debit card number and/or printed the expiration date of the credit card or debit card.

28.    FACTA was enacted in 2003 and gave merchants who accept credit card and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

29.    On information and belief, Defendants knew of the requirement concerning the truncation of credit and debit card numbers and prohibition on printing of expiration dates.

30.    On information and belief, VISA, MasterCard, the PCI Security Standards Council —a consortium founded by VISA, MasterCard, Discover, American Express and JCB - – companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed Defendants about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and prohibition on the printing of expiration dates, and Defendants need to comply with the same.

31.    The requirement was widely publicized among retailers.

32.    Most of Defendants' business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by, for example, programming their card machines and devices to prevent them from printing more than the last five digits of the card number and/or the expiration date upon the receipts provided to the cardholders. Defendants could have readily done the same.

33.    Defendants willfully disregarded FACTA's requirements and continued to use cash registers or other machines or devices that print receipts in violation of FACTA.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class members and against Defendants as follows:

      a.    For statutory damages of $100 to $1,000 per violation;

      b.    For attorney's fees, litigation expenses and costs;

      c.    For such other and further relief as the Court may deem proper.

6

## **JURY DEMAND**

Plaintiff demands trial by jury.

Plaintiff KARIN DUDZIENSKI, individually, and on
behalf of all others similarly situated,

By: _____
Thomas A. Zimmerman, Jr.
Hugh J. Green
ZIMMERMAN AND ASSOCIATES, P.C.
100 West Monroe, Suite 1300
Chicago, Illinois 60603
(312) 440-0020
Attorney No. 6231944

Counsel for the Plaintiff and Class

7

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KARIN DUDZIENSKI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| BCBG MAX AZRIA GROUP, INC., a | ) | 07cv3813 |
| California corporation, individually, and | ) | JUDGE SHADUR |
| d/b/a BCBG Max Azria; BCBG | ) | MAG. JUDGE DENLOW |
| MAXAZRIA HOLDINGS, INC., a | ) | |
| California corporation, individually, and | ) | |
| d/b/a BCBG Max Azria; BCBG | ) | |
| MAXAZRIA INTERNATIONAL | ) | |
| HOLDINGS, INC., a California | ) | |
| corporation, individually, and d/b/a | ) | |
| BCBG Max Azria; and DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S INITIAL DISCLOSURES
## PURSUANT TO FED. R. CIV. P. 26(a)(1)

Pursuant to Federal Rules of Civil Procedure 26(a)(1)(A)-(D), Defendants BCBG Max Azria Group, Inc., BCBG Max Azria Holdings, Inc., and BCBG Max Azria International Holdings, Inc (collectively "BCBG"), through their attorneys of record, hereby submit the following initial disclosures:

**A.    Fed. R. Civ. P. 26(a)(1)(A) – Witnesses**

BCBG hereby identifies the following individuals believed to have discoverable information relating to the claims and defenses in this action:

| Name | Position |
|---|---|
| Billie Parsons | Vice President, Finance |

**Exhibit Q**

| Brian Fleming | *Chief Financial Officer* |
|---|---|
| Russell Bowers | *Former BCBG Employee* |
| Arianna Brooke | *Former BCBG Employee* |
| Sam Busceti | *Director IP* |
| Ajit Patel | *CIO* |
| All Current Store Managers | |

The witnesses identified above may be contacted through BCBG's counsel of record. BCBG will amend this initial disclosure, if further witnesses are identified.

**B.**   **Fed. R. Civ. P. 26(a)(1)(B) – Documents**

BCBG hereby discloses the following categories of documents believed to contain information that may relate to the claims and defenses in this action:

- Communications regarding efforts to comply with FACTA Fair Accurate Credit Transactions Act, 15 U.S.C. § 1681c(g) ("FACTA");

- Communications regarding BCBG's point of sale machines;

- Contracts with POS Maintenance Providers.

BCBG will amend and supplement its initial disclosures, if and when further documents are identified.

**C.**   **Fed. R. Civ. P. 26(a)(1)(C) – Damages**

BCBG has not asserted a claim for damages in this action. Furthermore, BCBG is not aware that any actual damages have been incurred as a result of any of the acts or omissions alleged in Plaintiff's complaint.

**D.    Fed. R. Civ. P. 26(a)(1)(D) – Insurance**

BCBG is currently unaware of any insurance that would cover the claims in this

action.

Dated: August 23, 2007

By: _____

Rafik Mattar, *pro hac vice*
Scot D. Wilson, *pro hac vice*
CALL, JENSEN & FERRELL
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 717-3000
Fax: (949) 717-3100
Rmattar@calljensen.com
Swilson@calljensen.com

Kristen E. Hudson
Schopf & Weiss LLP
One South Wacker Drive, 28th Floor
Chicago, IL 60606
Tel: (312) 701-9300
Fax: (312) 701-9335

Attorneys for Defendants BCBG MAX
AZRIA GROUP, INC., d/b/a BCBG Max
Azria; BCBG MAXAZRIA HOLDINGS,
INC., d/b/a BCBG Max Azria; BCBG
MAXAZRIA INTERNATIONAL
HOLDINGS, INC., d/b/a BCBG Max Azria

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 610 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

On August 23, 2007, I served the foregoing document described as **DEFENDANT'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)** on the following person(s) in the manner indicated:

### SEE ATTACHED SERVICE LIST

[ X ]  (BY MAIL)  I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

[ ]  (BY FEDEX)  I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by FedEx that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by FedEx with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by FedEx at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

[ ]  (BY FACSIMILE TRANSMISSION)  On this date, at the time indicated on the transmittal sheet, attached hereto, I transmitted from a facsimile transmission machine, which telephone number is (949) 717-3100, the document described above and a copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein. The above-described transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

[ ]  (BY ELECTRONIC TRANSMISSION)  I served electronically from the electronic notification address of _____ the document described above and a copy of this declaration to the person and at the electronic notification address set forth herein. The electronic transmission was reported as complete and without error.

[ X ]  (FEDERAL)  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on August 23, 2007, at Newport Beach, California.

Katie Dominick

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

## SERVICE LIST

Thomas A. Zimmerman, Jr.                **Attorneys for Plaintiff**
Zimmerman and Associates, P.C.
100 West Monroe Street, Suite 1300
Chicago, IL 60603
Tel.: (312) 440-0020

Kristen E. Hudson, Esq.                 **Attorneys for Defendants**
Schopf & Weiss LLP
One South Wacker Drive, 28th Floor
Chicago, IL 60606
Tel.: (312) 701-9300
Fax: (312) 701-9335