UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KARIN DUDZIENSKI ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> BCBG MAX AZRIA GROUP, INC., a ) <br> California corporation, individually, and ) <br> d/b/a BCBG Max Azria; BCBG ) <br> MAXAZRIA HOLDINGS, INC., a ) <br> California corporation, individually, and ) <br> d/b/a BCBG Max Azria; BCBG ) <br> MAXAZRIA INTERNATIONAL ) <br> HOLDINGS, INC., a California ) <br> corporation, individually, and d/b/a ) <br> BCBG Max Azria; and DOES 1-10, ) <br> ) <br> Defendants. ) <br> ) | No. 07cv3813 <br><br> JUDGE SHADUR <br><br> MAG. JUDGE DENLOW |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendants BCBG Max Azria Group, Inc. ("BCBG"), BCBG Maxazria Holdings, Inc. ("BCBG Holdings") and BCBG Maxazria International Holdings ("BCBG International") (collectively "Defendants") hereby answer the complaint (the "Complaint") of Plaintiff Karin Dudzienski ("Plaintiff") as follows:

**INTRODUCTION**

1.  Plaintiff brings this action to secure redress for the violation by Defendants of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA").

**ANSWER:** **In response to paragraph 1 of the Complaint, Defendants admit that Plaintiff attempts to state a claim under the FACTA and the FCRA. In further answer, Defendants deny that they have engaged in any wrongful conduct and deny that Plaintiff is entitled to damages. Defendants also state that Plaintiff has not alleged any actual damages.**

2.  One provision of FACTA, codified as 15 U.S.C. § 1681c(g)(1), provides that:

. . . no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

15 U.S.C. §1681c(g)(1)).

**ANSWER:** **Answering paragraph 2 of the Complaint, Defendants admit that one of the provisions of FACTA, specifically 15 U.S.C. section 1681c(g)(1), provides, in part, that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction." 15 U.S.C. §1681c(g)(1). Defendants deny the allegations contained in paragraph 2 to the extent that the allegations are contrary to existing law.**

3.  The law gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006. Defendants have willfully violated this law and failed to protect Plaintiff, and others similarly situated, against identity theft and credit card and debit card fraud by continuing to print more than the last five digits of the card number and/or the expiration date on receipts provided to debit card and credit cardholders transacting business with Defendants.

**ANSWER:** **In response to the allegations in paragraph 3 of the Complaint, Defendants deny that Plaintiff has accurately characterized FACTA, but Defendants admit that Congress enacted FACTA in 2003 as part of the FCRA and further admit that FACTA was designed to give businesses three years to come into compliance and that the statute went into effect on December 4, 2006.** *See* **15 U.S.C. § 1681c(g)(3)(A). Defendants, however, deny that they were given notice of the requirements of FACTA before December 4, 2006 and further deny that they were given three years to comply with its requirements.**

**Furthermore, Defendants deny that they have willfully violated FACTA. Defendants also deny that they have failed to protect Plaintiff and/or any others from identify theft and/or credit card or debit card fraud. Neither BCBG Holdings nor BCBG International operate any stores nor have they ever provided any credit card or debit card receipts to any cardholders. BCBG admits that, despite its best efforts and good faith efforts to bring the machines in all of their stores into**

>   **compliance with the requirements of FACTA, it may have on one or more occasions printed the expiration date of a credit card. Since learning of the requirements of FACTA and becoming aware of the fact that the expiration date of some customers' credit cards and/or debit cards were being printed on receipts at some BCBG stores, BCBG has taken immediate action to comply with FACTA. Defendants deny all remaining allegations in paragraph 3 of the Complaint.**

4.  Plaintiff brings this action against Defendants based on Defendants' violation of 15 U.S.C. § 1681, et seq. Plaintiff seeks statutory damages, attorney's fees, and costs.

>   **ANSWER: Answering paragraph 4 of the Complaint, Defendants admit that Plaintiff purports to bring this action against Defendants based on an alleged violation of FACTA, 15 U.S.C. §§ 1681 et seq., and seeks statutory damages, attorney fees, and costs. Defendants deny Plaintiff is entitled to any such damages and/or relief. Damages are allowed under FACTA only for willful violations. *See* 15 U.S.C. § 1681n(a)(1)(A). As previously stated, Defendants have not willfully violated FACTA. Except as expressly admitted, Defendants deny all remaining allegations in paragraph 4.**

## PARTIES

5.  At all relevant times, Plaintiff KARIN DUDZIENSKI was a resident of Illinois.

>   **ANSWER: Answering paragraph 5 of the Complaint, Defendants are currently without sufficient information to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.**

6.  At all relevant times, Defendant BCBG MAX AZRIA GROUP, INC. ("GROUP") was a California corporation that upon information and belief owned, controlled, operated, managed and did business as BCBG Max Azria, located at various places nationwide, including at 1650 Premium Outlet Boulevard, Aurora, Illinois.

>   **ANSWER: Defendants admit the allegations contained in paragraph 6.**

7.  At all relevant times, Defendant BCBG MAXAZRIA HOLDINGS, INC. ("HOLDINGS") was a California corporation that upon information and belief owned, controlled, operated, managed and did business as BCBG Max Azria, located at various places nationwide, including at 1650 Premium Outlet Boulevard, Aurora, Illinois.

> **ANSWER:** In response to paragraph 7 of the Complaint, Defendants admit that at all relevant times BCBG Holdings was a California corporation. Except as expressly admitted, Defendants deny all the remaining allegations in paragraph 7.

8. At all relevant times, Defendant BCBG MAXAZRIA INTERNATIONAL HOLDINGS, INC. ("INTL") was a California corporation that upon information and belief owned, controlled, operated, managed and did business as BCBG Max Azria, located at various places nationwide, including at 1650 Premium Outlet Boulevard, Aurora, Illinois.

> **ANSWER:** Answering paragraph 8 of the Complaint, Defendants admit that at all relevant times BCBG International was a California corporation. Except as expressly admitted, Defendants deny all the remaining allegations in paragraph 8.

9. At all relevant times, Defendants GROUP, HOLDINGS and INTL were persons that accept credit cards or debit cards for the transaction of business within the meaning of FACTA.

> **ANSWER:** In response to paragraph 9 of the Complaint, Defendants admit BCBG accepts credit cards or debit cards for transacting business. Defendants deny BCBG Holdings and BCBG International accept credit cards or debit cards for transacting business. Except as expressly admitted, Defendants deny all the remaining allegations in paragraph 9.

10. Defendants Does 1-10 are individual officers, directors, employees and agents of Defendants who authorized, directed or participated in the violation of law complained of. Plaintiff does not know who they are.

> **ANSWER:** Defendants deny the allegations contained in paragraph 10.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (general federal question), and 15 U.S.C. §1681p (FCRA).

> **ANSWER:** Answering paragraph 11 of the Complaint, Defendants admit that this Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

12. Venue in this District is proper because Defendants transact business in the District and are deemed to reside here.

> **ANSWER:** Answering paragraph 12 of the Complaint, BCBG Holdings and BCBG International deny that they transact business in this District. However, as to BCBG, Defendants admit that venue is not improper in this District. However, Defendants assert that venue should be transferred to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a).

## FACTS

13. On April 13, 2007, Plaintiff received from Defendants at their establishment located at 1650 Premium Outlet Boulevard, Aurora, Illinois, a computer-generated cash register receipt which displayed Plaintiff's credit card expiration date.

> **ANSWER:** Answering paragraph 13 of the Complaint, Defendants are presently without sufficient information to form a belief as to the truth of the allegations contained in paragraph 13, and, therefore, deny those allegations on that basis. However, BCBG Holdings and BCBG International deny they operate any establishments located at 1650 Premium Outlet Boulevard, Aurora, Illinois.

14. On information and belief, it is possible for thieves to replicate a credit card number using the expiration date and the last four digits of the card number.

> **ANSWER:** Defendants deny the allegations of paragraph 14.

## CLASS ALLEGATIONS

15. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. Rule 23(a) and (b)(3).

> **ANSWER:** Defendants admit that Plaintiff has attempted to allege an action on behalf of a putative class. However, Defendants deny that Plaintiff is entitled to the certification of a class of any kind in this matter. In further answer, Defendants state that a class action is not the superior method for the fair and efficient adjudication of the controversy.

16. The class is defined as all persons to whom the Defendant provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring

nationwide after December 4, 2006, which receipt displays either (a) more than the last five digits of the person's credit card or debit card number, and/or (b) the expiration date of the person's credit or debit card.

    **ANSWER:** **Defendants deny the allegations contained in paragraph 16.**

17.    The class is so numerous that joinder of all individual members in one action would be impracticable.

    **ANSWER:** **Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.**

18.    Upon information and belief, there are over 100 persons to whom the Defendants provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring nationwide after December 4, 2006, which receipt displays either (a) more than the last five digits of the person's credit card or debit card number, and/or (b) the expiration date of the person's credit or debit card.

    **ANSWER:** **Answering paragraph 18 of the Complaint, Defendants admit that BCBG may have on one or more occasions printed the expiration date and/or more than the last five digits of a credit or debit card account number. Defendants deny BCBG Holdings and BCBG International ever provided any electronically printed receipts to any customer cardholders at the point of sale or transaction. Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the Complaint, and therefore deny those remaining allegations contained therein.**

19.    Plaintiff's claims are typical of the claims of the class members. All are based on the same legal theories and arise from the same unlawful and willful conduct.

    **ANSWER:** **Answering paragraph 19 of the Complaint, Defendants deny the allegation that they have willfully violated FACTA. Regarding the remaining allegations in paragraph 19, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the allegations, and thus deny the remaining allegations in paragraph 19.**

20. There are common questions of fact and law affecting members of the class, which common questions predominate over questions which may affect individual members. These include the following:

(a) Whether Defendants had a practice of providing customers with a sales or transaction receipt on which Defendants printed more than the last five digits of the credit card or debit card and/or the expiration date of the credit card or debit card;

(b) Whether Defendants thereby violated FACTA;

(c) Whether Defendants' conduct was willful;

(d) Identification and involvement of the Doe Defendants.

**ANSWER:** **Answering paragraph 20 of the Complaint, Defendants deny that common questions of law and fact predominate over questions affecting individuals. Defendants are without sufficient information to form a belief as to the truth of any remaining factual allegations contained in paragraph 20, and, thus, deny those allegations on that basis.**

21. Plaintiff will fairly and adequately represent the class members. Plaintiff has no interests that conflict with the interests of the class members. Plaintiff has retained experienced counsel.

**ANSWER:** **Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.**

22. A class action is superior to other available means for the fair and efficient adjudication of the claims of the class members. Individual actions are not economically feasible.

**ANSWER:** **Defendants deny the allegations contained in paragraph 22.**

## VIOLATION ALLEGED

23. Defendants violated 15 U.S.C. § 1681c(g)(1), which provides, in relevant part, that:

7

> . . . no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

15 U.S.C. §1681c(g)(1).

    **ANSWER:** **Answering paragraph 23 of the Complaint, Defendants admit that FACTA prohibits merchants from printing more than the last five digits of a credit card or debit card number or the expiration date on any printed receipt that is provided to a cardholder at the point of sale or transaction. In addition, BCBG admits that, despite its best efforts and good faith efforts to bring the machines in all of their stores into compliance with the requirements of FACTA, it may have on one or more occasions printed the expiration date of a credit card. However, Defendants deny they willfully violated 15 U.S.C. § 1681c(g)(1). In further answer, Defendants deny BCBG Holdings and BCBG International ever provided any electronically printed receipts to consumers at the point of sale of a transaction. Except as expressly admitted, Defendants deny all remaining allegations in paragraph 23.**

24. With respect to machines that were first put into use after January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. §1681c(g)(1).

    **ANSWER:** **Defendants deny that Plaintiff has accurately characterized the deadlines for compliance with FACTA. However, Defendants admit that FACTA became effective "1 year after December 4, 2003, with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that [wa]s first put into use on or after January 1, 2005." 15 U.S.C. § 1681c(g)(3)(B).**

25. With respect to machines that were in use before January 1, 2005, 15 U.S.C. §1681c(g)(3)(A) required compliance with the provisions of 15 U.S.C. §1681c(g)(1) on or after December 4, 2006.

    **ANSWER:** **Defendants deny that Plaintiff has accurately characterized the deadlines for compliance with FACTA. Defendants, however, admit that FACTA became effective "3 years after December 4, 2003, with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that is in use before January 1, 2005." 15 U.S.C. § 1681c(g)(3)(A).**

26.    Defendants accept credit cards and/or debit cards in the course of transacting business with persons such as Plaintiff and the class members. In transacting such business, Defendants use cash registers and/or machines or devices that electronically print receipts for credit card and/or debit card transactions.

> **ANSWER:** **Answering paragraph 26 of the Complaint, Defendants admit the allegations contained therein with respect to BCBG. Defendants, however, deny the allegations contained in paragraph 26 with respect to BCBG Holdings and BCBG International.**

27.    After the effective date of the statute, Defendants, at the point of sale or transaction, provided Plaintiff and each class member with one or more electronically printed receipts on each of which Defendants printed more than the last five digits of the credit card or debit card number and/or printed the expiration date of the credit card or debit card.

> **ANSWER:** **Defendants admit that BCBG may have on one or more occasions printed the expiration date and/or more than the last five digits of a credit or debit card account number. Defendants deny the allegations with respect to BCBG Holdings and BCBG International. As for the remaining allegations in paragraph 27, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37, and, thus, deny said allegations.**

28.    FACTA was enacted in 2003 and gave merchants who accept credit card and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

> **ANSWER:** **In response to the allegations in paragraph 3 of the Complaint, Defendants deny that Plaintiff has accurately characterized FACTA, but Defendants admit that Congress enacted FACTA in 2003 as part of the FCRA and further admit that FACTA was designed to give businesses three years to come into compliance and that the statute went into effect on December 4, 2006.** *See* **15 U.S.C. § 1681c(g)(3)(A). Defendants, however, deny that they were given notice of the requirements of FACTA before December 4, 2006 and further deny that they were given three years to comply with its requirements.**

29.    On information and belief, Defendants knew of the requirement concerning the truncation of credit and debit card numbers and prohibition on printing of expiration dates.

9

>   **ANSWER:   Defendants deny the allegations contained in paragraph 29. Defendants were not aware of the technical requirements of FACTA until 2007.**

30. On information and belief, VISA, MasterCard the PCI Security Standards Council – a consortium founded by VISA, MasterCard, Discover, American Express and JCB – companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed Defendants about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and prohibition on the printing of expiration dates, and Defendants need to comply with the same.

>   **ANSWER:   Answering paragraph 30 of the Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint, and therefore deny those allegations contained therein.**

31. The requirement was widely publicized among retailers.

>   **ANSWER:   Defendants are currently without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 31, and, therefore, deny said allegations.**

32. Most of Defendants' business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by, for example, programming their card machines and devices to prevent them from printing more than the last five digits of the card number and/or the expiration date upon the receipts provided to the cardholders. Defendants could have readily done the same.

>   **ANSWER:   Defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint, and, therefore, deny said allegations.**

33. Defendants willfully disregarded FACTA's requirements and continued to use cash registers or other machines or devices that print receipts in violation of FACTA.

>   **ANSWER:   Defendants deny the allegations contained in paragraph 33.**

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff has suffered no actual damages, and an award of statutory damages to Plaintiff and the class members would violate the Defendants' due process rights. The damages sought by Plaintiff's Complaint are disproportionate to the harm alleged, excessive, and would violate Defendants' rights under the due process clause.

**SECOND AFFIRMATIVE DEFENSE**

The Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681c(g) ("FACTA"), is unconstitutionally vague and ambiguous on its face and as applied to Defendants, does not provide sufficient notice as to what constitutes a violation, and enforcement of the statute would violate Defendants' due process.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims for punitive or exemplary damages are barred because such relief would violate Defendants' due process rights.

**FOURTH AFFIRMATIVE DEFENSE**

The Complaint is barred in whole or in part to the extent that any conduct engaged in by Defendants was based on a mistake of fact or law.

**FIFTH AFFIRMATIVE DEFENSE**

The Complaint is barred by the applicable statutes of limitation including, but not limited to, 15 U.S.C. § 1681p, to the extent the Complaint seeks relief from alleged misconduct by Defendants before two years prior to the commencement of this action.

**SIXTH AFFIRMATIVE DEFENSE**

The loss, injury or damage, if any, incurred by Plaintiff was the result of superseding or intervening causes arising from negligent or willful acts or omissions by parties which Defendants neither controlled nor had the right to control, and said losses, injuries, or damages were not proximately or legally caused by any act, omission, or other conduct by Defendants.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants reserve the right to raise such additional defenses as may become apparent through discovery and the presentation of evidence in this action.

WHEREFORE, Defendants BCBG Max Azria Group, Inc., BCBG Maxazria Holdings, Inc., and BCBG Maxazria International Holdings ("Defendants") respectfully request that the Plaintiff's Complaint be dismissed with prejudice, that Defendants recover their costs herein, and for any other appropriate further relief as the Court deems just and proper.

Dated:  September 11, 2007         By:           S/SCOT D. WILSON              
                                                              Scott J. Ferrell, *Pro Hac Vice*
                                                              Scot D. Wilson, *Pro Hac Vice*
                                                              Rafik Mattar, *Pro Hac Vice*
                                                              CALL, JENSEN & FERRELL
                                                              610 Newport Center Drive, Suite 700
                                                              Newport Beach, CA 92660
                                                              Tel: (949) 717-3000
                                                              Fax: (949) 717-3100

                                                              Jose A. Lopez
                                                              Jennifer A. Waters
                                                              Kristen E. Hudson
                                                              SCHOPF & WEISS LLP
                                                              One South Wacker Drive, 28th Floor
                                                              Chicago, IL 60606
                                                              Tel:  (312) 701-9300
                                                              Fax: (312) 701-9335

                                                              Attorneys for Defendants
                                                              BCBG Max Azria Group, Inc.; BCBG Max Azria
                                                              Holdings, Inc.; BCBG Max Azria International
                                                              Holdings, Inc.

## **CERTIFICATE OF SERVICE**

I, Kristen E. Hudson, an attorney, hereby certify that **Defendants' Answer and Affirmative Defenses to Complaint** was filed electronically with the Clerk of the Court using the CM/ECF system on this 11th day of September 2007, which will automatically send email notifications of this filing to the registered parties. I also certify that on September 11, 2007, I served the attached **Defendants' Answer and Affirmative Defenses to Complaint** via First Class U.S. Mail upon the parties named below:

Thomas A. Zimmerman Jr., Esq.
Hugh J. Green, Esq.
Zimmerman and Associates, PC
100 W. Monroe Street
Suite 1300
Chicago, IL 60613

s/ Kristen E. Hudson