IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KARIN DUDZIENSKI, individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No.  07 CV 3813 |
| BCBG MAX AZRIA GROUP, INC., a California corporation, individually, and d/b/a BCBG Max Azria; BCBG MAXAZRIA HOLDINGS, INC., a California corporation, individually, and d/b/a BCBG Max Azria; BCBG MAXAZRIA INTERNATIONAL HOLDINGS, INC., a California corporation, individually, and d/b/a BCBG Max Azria; and DOES 1-10, | ) ) ) ) ) ) ) ) ) ) ) ) | Judge Milton I. Shadur<br><br>Magistrate Judge Morton Denlow |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)**

NOW COMES Plaintiff KARIN DUDZIENSKI, individually and on behalf of all others similarly situated, by and through counsel, and, for her *Response to Defendants' Motion to Transfer Pursuant to 28 U.S.C. § 1404(a)*, states as follows:

**I.      PROCEDURAL BACKGROUND**

On July 6, 2007, Plaintiff filed a Complaint against the Defendants for violations of the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. §1681c(g)(1). (See, Plaintiff's Complaint filed in this matter.).  On September 11, 2007, Defendants filed their answers to the Complaint.  On August 31, 2007, Defendants filed the instant Motion To Transfer this matter to the Northern District of California, pursuant to 28 U.S.C. § 1404(a).

On September 7, 2007, at the presentment of Defendant's Motion to Transfer, the Court directed the Defendants to answer outstanding discovery to afford the Plaintiff an opportunity to respond to Defendant's motion. At that time, the Court set a status date of October 4, 2007, for the parties to advise the Court regarding Defendants' responses to discovery. The Plaintiff anticipated that, at the October 4th status, the Court would set a briefing schedule on Defendant's Motion to Transfer.

However, on September 18, 2007, the Court, *sua sponte*, directed the Plaintiff to submit this written submission for its consideration.

### I.    The Plaintiff Is Unable to Respond to the Defendant's Motion to Transfer, as the Defendants Have Not Responded to Plaintiff's Discovery Requests.

The Plaintiff is unable to respond to Defendants' Motion to Transfer at this time, as the Defendants have not yet responded to discovery. On August 29, 2007, Plaintiff propounded a set of discovery requests, pursuant to F.R.C.P. Rules 33, 34, and 36. The Defendants' answers were due September 28, 2007. The Defendants have not responded to Plaintiffs' discovery requests, and the Defendants' discovery responses are overdue. In light of this, the Plaintiff is unable to adequately respond to Defendants' Motion, as relevant discovery is unavailable.

Furthermore, the Defendants' motion is supported by an affidavit of one of Defendants' employees. (See, Affidavit of Ajit Patel, attached as Exhibit B to Defendants' Memorandum of Law "Def. Mem."). However, the Plaintiff has not been afforded an opportunity to depose the affiant and test the veracity of the statements in the affidavit.

Accordingly, since the Defendant has not responded to any of Plaintiff's discovery, and because Plaintiff has not been afforded an opportunity to depose the person whose affidavit serves as the basis for the Motion to Transfer, the Plaintiff cannot adequately respond to the motion at this

time and Plaintiff needs discovery to adequately respond to the motion. Nevertheless, without waiving said request for discovery, pursuant to this Court's order Plaintiff offers a detailed response.

**II.    The Defendants' Motion to Transfer must Be Denied, as the Defendants Have Failed to Carry Their Heavy Burden in Establishing That Transfer Is Clearly More Convenient, and the Private and Public Factors Do Not Tip in Their Favor.**

Defendants' Motion raises three arguments seeking transfer: (1) under the "first to file" rule, this case should be transferred to the earlier-filed and related case pending in the Northern District of California ("California Action") (See, Defendant's Motion to Transfer, ("Def. Mot."), para. 4; Def. Mem., pp. 1-2); (2) this case should be transferred in the interests of "judicial economy" (See, Def. Mot., para. 5; Def. Mem., p. 2); and (3) the balance of the public and private factors weighs heavily in Defendants' favor for transfer of this matter to California. (Def. Mot., para. 6, Def. Mem., pp. 10-15).

However, each of the Defendants' arguments is baseless. First, the "first to file" rule applies to actions which involve the same parties — which is not the case here. Second, the Defendants have failed to carry their heavy burden in establishing that the transferee forum is clearly more convenient. Third, contrary to the Defendants, the balance of the public and private factors do not weigh heavily in favor of transfer.

For these reasons, the Court in its discretion must deny the Defendants' motion.

**A.    The "First to File" Rule Is Inapplicable to this Matter, as the Prior Filed Action in California Involves Different Defendants.**

The Defendants insist that the case must bet transferred to the Northern District of California under the "first to file" rule. (See. Def. Mot., pp. 7-8). However, the Defendants' reliance on the first-filed rule is misplaced, as the party-defendants in the previously filed California action are <u>not identical</u> to the Defendants in this matter. Thus, the first-filed rule is inapplicable.

3

The first-to-file doctrine is a general rule "favoring the right of the first litigant to choose the forum, absent countervailing interests of justice or convenience." *Circuit Vanguard Products Group, Inc. v. Protex Intern. Corp.*, No. 05 C 6310, 2006 WL 695700, *3 (N.D.Ill., March, 14 2006) citing *Genentech, Inc. v. Eli Lilly and Co.,* 998 F.2d 931, 938 (C.A. Fed. 1993). However, the rule favoring the forum of the first-filed action is not absolute. *Circuit Vanguard Products Group,* 2006 WL 695700 at * 3. In fact, the Seventh Circuit does not rigidly adhere to the "first-filed" rule. *Trippe Mfg. Co. v. American Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995). The Court may allow second-filed actions to proceed where it is favored by the interests of justice. *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749-50 (7th Cir. 1987).

In order for the first-filed rule to apply, **the parties in both actions must be the same.** See, *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985) (emphasis added). However, the Defendants in this case are not the same as the defendants in the previously filed action pending in the Northern District of California. (See, *Hile v. Max Rave LLC*, No. 07-CV-00738, attached as Exhibit C to Def. Mem.) ("California Case").

In the California Case, the sole defendant is Max Rave LLC, a limited liability company organized under the laws of the State of Delaware. (See, Para. 11 in Max Rave LLC's Answers to *Hile* Complaint, attached as Exhibit C to Def. Mem.). However, Max Rave LLC is not a party Defendant in the case at hand.

In this case, there are three distinct California corporations. (See, Para. 6-9 of Complaint; Para. 6-9 of Defendants' Answers filed in this matter). Moreover, the Defendants expressly concede that the Defendants in this case are not identical to the Defendant in the prior filed California case. (See, Def. Mot., p. 6) ("Although the parties are not identical. . ."). In fact, none of the Defendants

in this case are defendants in any of the other suits pending throughout the country. (See, Def. Mem., pp. 4-6).

Accordingly, the first-filed rule is inapplicable to this matter, and the Defendants' motion must be denied.

### B. The Defendants Have Failed to Carry Their Heavy Burden in Establishing That the Transferee Forum Is Clearly More Convenient.

Pursuant to Section 1404(a), a court may transfer a civil action "for the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C §1404(a). Transfer under Section 1404(a) is appropriate if: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of parties and witnesses; and (3) transfer is in the interests of justice. *Barnes v. Rollins Carriage Services, Inc.*, 976 F.Supp. 767, 768 (N.D.Ill. 1997). Whether a transfer is appropriate under § 1404(a) is left to the sound discretion of the trial court. *Bryant v. ITT Corp.*, 48 F.Supp.2d 829, 832 (N.D.Ill. 1999), citing *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989). In bringing a Section 1404(a) motion, the movant has the burden of establishing that "**the transferee forum is clearly more convenient**." *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219-220 (7th Cir. 1986)(emphasis added).

The convenience of the parties and witnesses is assessed through a series of private interest factors, while the promotion of justice addresses public interest factors. *Anchor Wall Systems v. R & D Concrete Prod., Inc.*, 55 F.Supp.2d 871, 873 (N.D.Ill. 1999).

In evaluating the convenience of the parties, the district court considers five factors: (1) the plaintiff's choice of forum, (2) the situs of the material events, (3) the relative ease of access to sources of proof, (4) the convenience of the parties, and (5) the convenience of the witnesses. *Plotkin v. IP Axess, Inc.*, 90 F.Supp.2d 899, 902 (N.D. Ill. 2001); *Amoco Oil Co. v. Mobil Oil Corp.*,

90 F.Supp.2d 958, 960 (N.D.Ill. 2000).

The factors relevant to the public interest of the court include the court's familiarity with the applicable law, and concerns relating to the efficient administration of justice. *Howell v. Joffe,* 478 F.Supp.2d 1014, 1023 (N.D.Ill. 2006). The interests of justice rubric focuses on the efficient administration of the courts, not the merits of the underlying dispute. *Coffey*, 796 F.2d at 221; *Plotkin*, 168 F.Supp.2d at 904. This analysis includes considerations such as "(1) the speed at which a case will proceed to trial, (2) the court's familiarity with the applicable law, (3) the relation of the community to the occurrence at issue, and (4) the desirability of resolving controversies in their locale." *Plotkin*, 168 F.Supp.2d at 904;

The burden is on the moving party to demonstrate that the balance of the factors weighs heavily in favor of transfer, and that transfer would not merely shift inconvenience from one party to another. *Fink v. Declassis*, 738 F.Supp. 1195, 1198 (N.D.Ill.1990).

      **1.**      **The Private Interest Factors.**

            **a.**      **Plaintiff's choice of forum is afforded substantial deference, and the situs of material events occurred in this forum.**

A plaintiff's choice of forum is generally given substantial weight, particularly when it is the plaintiff's home forum. *Vandeveld v. Christoph*, 877 F.Supp. 1160, 1167 (N.D.Ill. 1995). Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003), see also, *Chicago Rock Island & Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 302 (7th Cir. 1955) (a plaintiff's choice of forum should not be "lightly set aside"). In this case, the Plaintiff's choice of forum must be given substantial weight.

The Defendants argue that the Plaintiff's choice of forum is accorded minimal, if any, deference in putative class Action. (See, Def. Mem., p. 10). In support, Defendants cite to *Klingensmith v. Paradise Shops, Inc.*, No. 07-322, 2007 WL 2071677 (W.D. Pa. July 17, 2007). However, the Defendants mischaracterize *Klingensmith*, as the court never used the term "minimal" with respect to the level of deference afforded a plaintiff in a putative class action.

Contrary to the Defendants, a plaintiff's choice of forum is entitled to deference, albeit reduced, even in the class-action context. See, *Tice v. American Airlines, Inc.*, 162 F.3d 966, 974 (7th Cir. 1998) (noting that a district court "gave some weight (as it was entitled to do) to the plaintiffs' choice of forum" in ruling on a motion to transfer a putative class action). Furthermore, in the class action context, the plaintiff's choice is reduced only when the cause of action did not arise in the chosen forum. See, *Carbonara v. Olmos*, No. 93 C 2626, 1993 WL 473651, at *2 (N.D.Ill. Nov. 15, 1993) ("[T]he plaintiff's choice of forum is given less weight when the plaintiff is a non-resident of the chosen forum, when the plaintiff sues derivatively or as a class representative, and where the cause of action did not conclusively arise in the chosen forum"); *Genden v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 621 F.Supp. 780, 782 (N.D.Ill. 1985) ("Where, as here, the class is nationwide and has no unique local interest or contact with the transferring district, the deference usually accorded by courts to the plaintiff's choice of venue is less important"). Accordingly, the Court must conclude that Plaintiff's choice of forum is entitled to some deference.

Indeed, even if the Court affords Plaintiff's choice of forum somewhat less deference because this is a class action, Defendants still have the burden of establishing that the transferee forum is "clearly more convenient" in total, not just that it is more convenient to the Defendants. *Coffey,* 796 F.2d at 219-20.

The Defendants mislead this Court when they claim that no material events occurred in Illinois. (Def. Mem., p. 12). On the contrary, the situs of material events occurred in this forum, as the Defendants' wrongful conduct in issuing a credit card receipt in violation of FACTA occurred in Illinois. (See, Para. 13 of Plaintiff's Complaint, filed in this matter). Furthermore, it remains to be determined as to the scope and involvement of Defendants' Illinois employees and agents. Accordingly, the Defendants' motion must be denied.

      **b.**      **The relative ease of access to sources of proof.**

The Defendants do not argue that the sources of proof warrant transfer of this matter to California. Thus, the Defendants have waived this argument. Nevertheless, even if the Defendants were to raise this as an issue, the fact that documents relevant to this case are situated outside this District is not a factor which weights heavily in favor of transfer due to today's technology. See, *Board of Trs., Sheet Metal Workers Nat'l Pension Fund v. Elite Erectors, Inc.,* 212 F.3d 1031, 1037 (7th Cir. 2000) (noting that "[e]asy air transportation, the rapid transmission of documents, and the abundance of law firms with nationwide practices, make it easy these days for cases to be litigated with little extra burden in any of the major metropolitan areas."), see also, *Photogen, Inc. v. Wolf*, No. 00 C 5841, 2001 WL 477226, at *5 (N.D.Ill. May 7, 2001) ("Documents and records are usually not a very persuasive reason to transfer a case.... They are easily transportable, and movant has made no showing that it cannot bring the necessary documents to this district.").

      **c.**      **The convenience of witnesses.**

The Defendants claim that convenience of the witnesses warrants transfer of this matter to California. (Def. Mem., p. 11-13). Specifically, the Defendants argue that all of Defendants' senior employees, officers, and key decision makers are located in California. (Def. Mem., p. 12).

However, courts generally assign little weight to the location of employee witnesses, as they are under the control of the parties themselves. *Coleman v. Buchheit, Inc.*, No. 03 C 7495, 2004 WL 609369, at *2 (N.D.Ill. Mar. 22, 2004), see also, *FUL, Inc. v. Unified School Dist. No. 204*, 839 F.Supp. 1307, 1311 (N.D.Ill. 1993) (it is generally assumed that witnesses within the control of the party calling them, such as employees, will appear voluntarily).

In this case, nearly all of the witnesses Defendant wishes to call are BCBG employees, who would presumably appear in the Northern District of Illinois at Defendants' request, as they are in the control of Defendants. (See, Defendants' Table of Witnesses, Def. Mem, pp. 6-7). Defendants have identified two witnesses who are former employees – but they have made no allegations that either former employee would be unwilling or unable to appear in Illinois. Surprisingly, the Defendants allege that Visa is not subject to the subpoena power of this Court. However, the Defendants strain credulity by claiming that a multinational corporation, doing business throughout the United States including Illinois, is not subject to the compulsory power of this Court.

In summary, it would not be overly burdensome for all of Defendants' witnesses to travel to the Northern District of Illinois, and the convenience of the witnesses does not warrant transfer to California.

        **d.    The Convenience of the parties**

The Defendants argue that the convenience of the parties weighs in favor of transfer, as Defendants' headquarters are in California. (Def. Mot., p. 11). However, transfer of venue is inappropriate where it merely shifts the inconvenience and expense from the moving to the non-moving party. See, *S.C. Johnson & Son, Inc. v. Buzz Off Insect Shield, LLC*, No. 05 C 1046, 2005 WL 1838512, at *4 (N.D.Ill. July 28, 2005) ("Transfer is inappropriate if it will merely ... shift the balance of inconvenience from the defendant to the plaintiff."); *IP Innovation L.L.C. v. Lexmark*

*Int'l, Inc.*, 289 F.Supp.2d 952, 955 (N.D.Ill. 2003) ("It is axiomatic that a motion to transfer cannot be used simply to shift the one party's inconvenience onto another party.").

In this case, the Defendants' sole basis for transfer of this matter rests on its own convenience. Under express law, the Defendants cannot abuse the transfer statue for their own selfish ends by shifting the inconvenience of prosecuting this action on the Plaintiff. Further, the relative financial means of the parties also militates against transfer. Plaintiff and members of the Class are, for the most part, average consumers with average economic means. The Defendants are large corporations that can afford to conduct litigation using lawyers in any state in the country. In fact, Defendants have retained counsel in both California and Illinois to defend this action. Accordingly, the convenience of the parties does not weigh in favor of transferring this case to California.

    **2.**    **The Public Interest Factors.**

        **a.**    **The difference in time to trial in California versus the Northern District of Illinois is negligible.**

The Defendants cite docket statistics to support their claim that transfer of this case to California will lead to a more speedy trial for the parties. (See, Def. Mem., pp. 13-14). The Defendants state that the time from filing to trial in the Northern District of Illinois is 26.4 months, while the average time is 25.0 months in the Northern District of California. (See, Def. Mem., pp. 13-14). However, the difference of a handful of weeks is negligible, and would not greatly affect the speed at which this case would proceed to trial. *Coleman v. Buchheit, Inc.,* No. 03 C 7495, 2004 WL 609369, *3 (N.D.Ill., March 22, 2004) (a difference of 2 ½ months would not greatly affect the speed at which the case would proceed to trial). Therefore, this Court should not be persuaded, nor should it give weight, to such a slight difference in the "average" time to trial statistics.

      **b.**  **The court's familiarity with the applicable law.**

This case is brought under a federal statute with which both federal Courts are familiar. The court in Illinois can uniformly apply the federal statute as well as, or better than, the court in California. Therefore, this factor has no impact on the analysis. See, *Bryant v. ITT Corp.*, 48 F.Supp.2d 829, 835 (N.D.Ill. 1999) (in ERISA action, where no state law is implicated, this factor is neutral in the court's analysis).

      **c.**  **The relation of the community to the occurrence at issue, and the desirability of resolving controversies in their locale.**

The last of the public factors tips in favor of the Plaintiff's forum. Certainly, Illinois has an interest in providing its residents with a forum for redressing their injuries.

For the foregoing reasons, the Court must deny Defendants' Motion.

WHEREFORE, Plaintiff KARIN DUDZIENSKI., individually, and on behalf of all others similarly situated, prays that the Court enter an order <u>denying</u> Defendants' Motion to Transfer Pursuant to 28 U.S.C. § 1404(a).

            Plaintiff KARIN DUDZIENSKI, individually, and on behalf of all others similarly situated,

            By: <u>s/ Thomas A. Zimmerman, Jr.</u>
               Thomas A. Zimmerman, Jr.
               Hugh J. Green
               ZIMMERMAN AND ASSOCIATES, P.C.
               100 West Monroe, Suite 1300
               Chicago, Illinois 60603
               (312) 440-0020
               Attorney No. 6231944

            Counsel for the Plaintiff and Class