UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| KARIN DUDZIENSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 3813 |
| | ) | |
| BCBG MAX AZRIA GROUP, INC. d/b/a | ) | Judge Milton I. Shadur |
| BCBG Max Azria, BCBG MAX AZRIA | ) | |
| HOLDINGS, INC. d/b/a BCBG Max Azria, | ) | Magistrate Judge Morton Denlow |
| BCBG MAX AZRIA INTERNATIONAL | ) | |
| HOLDINGS, INC. d/b/a BCBG Max Azria, | ) | |
| and DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR LEAVE TO FILE A SUPPLEMENTAL MATERIALS IN FURTHER SUPPORT OF ITS MOTION TO TRANSFER**

Defendants BCBG Max Azria Group, Inc., BCBG Max Azria Holdings, Inc., and BCBG Max Azria International Holdings, Inc. (collectively "BCBG"), move for leave to file supplemental materials in further support of their Motion to Transfer. In support of this Motion, BCBG states the following:

1. On July 6, 2007, Plaintiff Karin Dudzienski ("Plaintiff") filed this one-count putative nationwide class action alleging violations of the Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681c(g)(1), ("FACTA").

2. On August 31, 2007, BCBG moved to transfer this putative nationwide class action to the Northern District of California pursuant to 28 U.S.C. § 1404(a).[1] The Motion to Transfer is fully briefed, but has not yet been decided.

3. As stated in BCBG's opening brief, one of the most important factors in determining whether to transfer a case pursuant to section 1404(a) is the convenience of the

---

[1] "A plaintiff's choice of forum is generally given substantial weight," *Amorose v. C.H. Robinson Worldwide, Inc.*, 2007 WL 1099483, at *2 (N.D. Ill. 2007). However, "because plaintiff alleges a class action, plaintiff's home forum is irrelevant." *Georgouses v. NaTec Resources, Inc.*, 963 F.Supp. 728, 730 (N.D. Ill.1997) (Gettleman, J.) (citing *Genden v. Merrill Lynch Pierce Fenner & Smith*, 621 F.Supp. 780, 782 (N.D. Ill.1985)); *accord Nelson v. Aim Advisors, Inc.*, 2002 WL 442189, at *3 (S.D. Ill. 2002). (quoting *Koster v. Lumbersmen Mut. Cas. Co.*, 330 U.S. 518, 524 (1947)); *Boyd v. Snyder*, 44 F.Supp.2d 966, 969 (N.D. Ill. 1999). This is especially true where, as here, a putative nationwide class action is alleged.

witnesses. *See Harris Trust & Sav. Bank v. SLT Warehouse Co., Inc.*, 605 F. Supp. 225, 229 (N.D. Ill. 1985) (noting the importance of compulsory process of witnesses in the 1404 analysis); *see also* Mem. of Law in Supp. of Mot. to Transfer, at p12-13.

4. Here, this factor is important because almost all of the witnesses, particularly the non-party witnesses, are located in California. Testimony from these individuals is essential in this action. *See* Mem. of Law in Supp. of Mot. to Transfer at p. 6-7. In recognition of this importance, on October 29, 2007, this Court ordered the Plaintiff take a Federal Rule of Civil Procedure 30(b)(6) deposition for the purpose of determining the location of the witnesses and whether any witnesses reside in Illinois.

5. The deposition was taken on November 9, 2007. A copy of the Deposition Transcript is attached as <u>Exhibit A</u> and incorporated herein by reference.

6. There are no non-party or third-party witnesses in Illinois. The Declaration of Scot Wilson is attached as <u>Exhibit B</u> and incorporated herein by reference, at ¶¶ 6-7; *see, e.g.,* Ex. A, at pp. 32-40. Indeed, all but two of the key witnesses reside in California, and five of key witnesses are third-party witnesses located in California. (Ex. B, at ¶ 6.). Because these witnesses are outside the geographic reach of this Court's subpoena power, unless the case is transferred, BCBG will not

be able to compel these non-party witnesses to appear to testify at trial. *See* Fed. R. Civ. P. 45(b)(2).[2]

7. In light of the critical nature of these witnesses to the 1404(a) analysis, BCBG requests leave to supplement its Motion to Transfer with the transcript of Mr. Patel's deposition and the attached Declaration.

WHEREFORE, Defendants BCBG Max Azria Group, Inc., BCBG Max Azria Holdings, Inc., and BCBG Max Azria International Holdings, Inc. request that this Court grant them leave to file the attached materials in further support of their Motion to Transfer, this Court grant BCBG's Motion to Transfer, and for any other relief this Court deems just and appropriate.

---

[2] Even though some are located within the Central District of California, all of the California witnesses can be compelled to testify at trial in the Northern District of California. Rule 45(b)(2) provides, in part, that a subpoena may be served at any place within the state where a state statute or rule of court permits service of a subpoena issued by a state court of general jurisdiction sitting in the place of the trial. *See* Fed. R. Civ. P. 45(b)(2). "Since California Code of Civil Procedure § 1989 provides for statewide service, all of the California witnesses in this case may be compelled to testify by courts in either district." *Armstrong v. Home Depot U.S.A., Inc.*, 1996 WL 382895, *2 (N.D. Cal. July 1, 1996).

3

Dated:  November 14, 2007           Respectfully submitted,

          s/ Kristen E. Hudson (ARDC #6281191)
          Local Counsel for Defendants
          BCBG Max Azria Group, Inc.; BCBG Max
          Azria Holdings, Inc.; and BCBG Max Azria
          International Holdings, Inc.

| | |
|---|---|
| Jose A. Lopez – ARDC#6229739 | Scott J. Ferrell, *Pro Hac Vice* |
| Jennifer A. Waters – ARDC#6277321 | Scot D. Wilson, *Pro Hac Vice* |
| Kristen E. Hudson – ARDC#6281191 | Rafik Mattar, *Pro Hac Vice* |
| SCHOPF & WEISS LLP | CALL, JENSEN & FERRELL |
| One South Wacker Drive, Suite 2800 | 610 Newport Center Drive, Suite 700 |
| Chicago, Illinois  60606 | Newport Beach, CA 92660 |
| Tele: 312.701.9300 | Tel: 949.717.3000 |
| Fax: 312.701.9335 | Fax: 949.717.3100 |

**CERTIFICATE OF SERVICE**

I, Kristen E. Hudson, an attorney, hereby certify that **Defendants' Motion for Leave to File Supplemental Materials in Further Support of Its Motion to Transfer** was filed electronically with the Clerk of the Court using the CM/ECF system on this 14th day of November 2007, which will automatically send email notifications of this filing to the registered parties. I also certify that on November 14, 2007, I served the attached **Defendants' Motion for Leave to File Supplemental Materials in Further Support of Its Motion to Transfer** via First Class U.S. Mail upon the parties named below:

> Thomas A. Zimmerman Jr., Esq.
> Hugh J. Green, Esq.
> Zimmerman and Associates, PC
> 100 W. Monroe Street
> Suite 1300
> Chicago, IL 60613

s/ Kristen E. Hudson